GOODWIN v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, *Appellant.*

1. **Negligence**: INSTRUCTIONS. In a common law action for a negligent injury, the court should instruct the jury what facts, if found, will amount to negligence, and not leave them to determine that for themselves.

2. **Railroad**: NEGLECT OF STATUTORY DUTY : PLEADING : EVIDENCE. The omission to discharge any duty imposed by law upon common carriers in the management of their vehicles, in transporting persons and property, is negligence. The fact, therefore, that a railroad company's train men failed to ring the bell or sound the whistle as the train approached the crossing of a public road, may be given in evidence in a common law action against the company for negligently killing plaintiff's steer at the crossing, without being specially pleaded. If the action were on the statute, (Wag. Stat., p. 310, ? 38,) it would be otherwise.

3. ———— : NEGLIGENCE: SPEED OF TRAINS. It is not negligence *per se* to run a train at the rate of twenty-five miles an hour across a public road in the country.

*Appeal from Daviess Circuit Court.*—HON. S. A. RICHARDSON, Judge.

REVERSED.

*Shanklin, Low & McDougal* for appellant.

*Gillihan & Brosius* for respondent.

HENRY, J.—This suit was commenced before a justice of the peace, to recover damages for the killing of a steer belonging to plaintiff, by a train of defendant's cars, at the crossing of a public highway in Daviess county, occasioned, it is alleged in the statement, by the carelessness and negligence of defendant's servants, in managing and running the locomotive and cars. The fact that the steer was killed at said crossing by the train, is not controverted, and the evidence for plaintiff tended to prove that the train was running about twenty-five miles an hour, and that the bell on the locomotive was not rung, nor the whistle blown, as

required by section 38, Wagner's Statutes, page 310. The defendant's evidence was to the effect, that the train was running at the usual speed ; that the bell was rung, and the whistle blown, as required by section 38; that the engineer first saw the steer when the locomotive was about eighty yards from the crossing, and just as he stepped upon the track, and that the train could not then have been stopped in time to avoid striking him. On cross-examination, the engineer was permitted, against defendant's objection, to testify, that if the train had been running only fifteen miles an hour, it could have been stopped, after he first saw the steer, and the accident avoided. The evidence also showed, that the train was stopped about 100 yards east of the crossing after the steer was struck.

The court, for plaintiff, gave the following instruction, of which defendant complains : " If the jury believe from the evidence that by the carelessness or negligence of the agents or employes of defendant in the operation of their locomotive engine and cars, plaintiff's steer was run against and killed by said locomotive engine or cars, they will find for plaintiff the value of said steer."

For defendant, the following was given : 6. "Unless the jury believe from the evidence that the employes of defendant in charge of the train in proof were guilty of some act or acts of negligence in running the train at the time of the injury, and that the injury resulted directly from such negligence, the jury ought to find for defendant."

The following, asked by defendant, were refused : 1. " Under the complaint and evidence in this case, the plaintiff cannot recover; hence the jury will find for the defendant."

4. " Under the complaint in this case, the jury will exclude from their consideration all evidence tending to prove a failure to ring the bell or sound the whistle by the men in charge of the train which struck plaintiff's steer."

5. " The jury ought to find for plaintiff in this case,

unless they believe from a preponderance of the evidence that defendant's agents or servants in charge of the train were guilty of some acts of negligence other than failing to ring the bell or sound the whistle, and that the steer was struck and injured by reason of such negligence."

7. "The running of the train at the place of injury at the rate of twenty-five miles an hour does not constitute negligence under our law."

8. "Outside of cities and towns the law does not prescribe the rate of speed of railroad trains at public railroad crossings."

9. "To entitle plaintiff to recover on the ground of negligence, it is not enough for plaintiff to prove the negligence alone, but the jury must believe from the evidence that there was negligence on the part of defendant's employes, and that such negligence directly contributed to the injury."

Plaintiff obtained a judgment, from which defendant has appealed.

The instruction given for plaintiff is rather too general, as a guide to a jury in such a case. The court should

1. NEGLIGENCE: instructions. have declared what facts, which the evidence intended to prove, would amount to negligence, and told the jury, if they found those facts, and that the injury was occasioned by such negligence, their verdict should be for plaintiff.

The first asked by defendant was properly refused. There was evidence tending to prove the allegations in the statement.

The fourth asked was also objectionable. This is not a suit on the section which requires the bell to be rung, or

2. RAILROAD: neglect of statutory duty: pleading: evidence. the whistle to be blown on a locomotive, as it approaches a public crossing, and imposes a penalty for every neglect of such duty, and makes the corporation liable for all damages sustained by any person by reason of such neglect. Wag. Stat., § 38, p. 310. In an action, based on that section, the neglect of

the duty imposed thereby must be specifically averred; but in a common law action for an injury sustained in consequence of the negligent manner in which a train was run, under the general allegation of negligence and carelessness, in a suit by a stranger against the company, evidence of a failure to comply with the requirements of that section, is admissible. The omission to discharge any duty imposed by law upon common carriers, in the management of their vehicles, in transporting persons and property, is evidence of negligence, but of course would not warrant a verdict, in a suit against the carrier on account of injuries not caused by such omission of duty. Where nothing is shown, in an action based upon the section above referred to, except the omission of the duty enjoined, and the injury, it has been held by this court, that it is the duty of the trial court to declare, as a matter of law, that the plaintiff cannot recover. *Stoneman v. Atlantic & Pacific R. R. Co.*, 58 Mo. 503; *Holman v. Chicago, Rock Island & Pacific R. R. Co.*, 62 Mo. 562. In the case at bar, however, other facts did appear, which justified its submission to the jury. The steer was not fastened, or in any manner confined, or unable to escape, if the signals had been given. The engineer on the locomotive saw it step upon the track. These facts are sufficient to distinguish this from the cases above cited. The evidence of the neglect to comply with the injunctions of that section, was, therefore, admissible, and it was a question for the jury whether that omission occasioned the injury. For the foregoing reasons, there was no error in refusing defendant's fifth. It declares in effect, that although the bell was not rung, nor the whistle blown, and this was the cause of the injury, yet plaintiff could not recover.

The court erred in refusing the 7th and 8th asked by defendant. *Maher v. A. & P. R. R. Co.*, 64 Mo. 275; Shearman & Redf. on Neg., § 478. The refusal of these instructions, and the admission of the testimony of the engineer, on his cross-examination, were

errors, which indicate the view of the court to have been, that the speed of the train was, of itself, negligence, which authorized a recovery, and under the same erroneous impression, made on the minds of the jury, by the action of the court, their verdict may have been rendered.

The defendant's 9th, which was refused, was substantially embraced in the instruction given for defendant, numbered 6.

The judgment is reversed and the cause remanded. All concur.