Alexander v. The Hannibal & St. Joseph Railroad Company.

ALEXANDER v. THE HANNIBAL & ST. JOSEPH RAILROAD COM-
PANY, *Appellant.*

1- **Railroad Company Killing Stock**: EVIDENCE.  In an action
for damages against a railroad company for killing stock in conse-
quence of a failure to ring the bell or sound the whistle as required by
statute, it is essential to recovery to show that the damages resulted
from such failure.  But the connection between the injury and the
company's default may be inferred from the circumstances of the
particular case.

2. **Where the Record fails to show** that the plaintiff was the
owner or was in possession of the animal at the time of the killing,
a judgment for the plaintiff must be reversed.

*Appeal from  Caldwell  Circuit Court.*—HON. E. J. BROADDUS,
Judge.

REVERSED.

*Geo. W. Easley* for appellant.

*O. J. Chapman* for respondent.

How else could respondent show that the killing was the result of the failure to ring or blow, except by circumstances? The testimony as to the unusual rate of speed of the train, and that the steer was young, strong, active and healthy, were circumstances from which the jury could fairly and rationally conclude that the killing was the result of the failure to ring the bell or blow the whistle. *Holman v. Railroad Co.*, 62 Mo. 562.

RAY, J.—This was an action for damages, brought by the plaintiff before a justice of the peace, in Caldwell county, for the killing of his steer, by the defendant, at a public crossing on its railroad, in consequence of a failure to ring the bell or sound the whistle, as required by statute. The plaintiff had judgment before the justice and also in the circuit court, from which the defendant has appealed to this court.

On a trial before a jury, the plaintiff, to maintain the issue, on his part, introduced evidence tending to show that the bell was not rung nor the whistle sounded on the train mentioned in his statement, as it approached and ran over the steer in controversy; that the steer was killed on defendant's railroad, on the crossing of a public highway, in Gomer township, Caldwell county, by a train on defendant's road, and that the steer was worth $35; that the steer was on the crossing with about forty or fifty others, and that none of the others were injured; that the steer was about four years old, and a strong, healthy, active animal; that the train was a passenger train, behind time, and was running at a higher rate of speed than usual; but the rate of speed at which it was running was not shown. This was all the evidence offered in said cause.

The respondent asked and the court gave the following instructions, against the objections of the appellant:

1. The jury are to determine from all the circumstances connected with the killing of plaintiff's steer,

whether said steer was killed at the time and place alleged in consequence of the defendant's failure to ring its bell or blow its whistle on engine.

2. That it is the duty of the defendant, when approaching a crossing of a public road, to ring the bell or sound the whistle on the engine for at least eighty rods before reaching such crossing, continuously, and if the jury find defendant did not perform its duty in this case, and that in consequence of such failure to perform its duty the steer was killed, they must find for the plaintiff for the value of his steer.

The appellant then asked the following instruction: "The jury are instructed that, under the pleadings and evidence in this cause, the verdict must be for the defendant." Which was refused and exceptions saved.

The court then gave the following instruction: "Unless the jury find from the evidence that the injury to plaintiff's steer was caused by the failure of defendant's employes to ring the bell or sound the whistle, on the train, they must find for defendant, and the jury are instructed that evidence that the animal was killed at a crossing, and that such signals were not given, is not sufficient. Such evidence to warrant a recovery, must be supplemented by other evidence that the failure to ring the bell or sound the whistle caused the injury."

Upon this statement, evidence and instructions, the jury found a verdict for the plaintiff, and there was judgment accordingly. In due time defendant filed its motion for a new trial, on the grounds: 1st, Because the court erred in refusing its instruction in the nature of a demurrer to the evidence; 2nd, Because the verdict is unsupported by the evidence. This motion was overruled by the court, and excepted to by defendant. For a reversal of this cause the appellant relies on two points only: 1st, There being no evidence in the record to show that the plaintiff was the owner of or in possession of the steer killed, the instruction in the nature of a demurrer to the evidence should have been

given. 2nd, There is no evidence in the record showing any connection between the omission to ring the bell or sound the whistle and injury to the steer, and the case should not have been submitted to the jury.

In support of the second position he cites the case of *Holman v. C., R. I. & P. R'y Co.*, 62 Mo. 562, and the case of *Stoneman v. A. & P. R. R. Co.*, 58 Mo. 503. In the first case, which was a suit like this, under the same statute, it was held by this court that where the only proof was the death of the animal and the failure to ring the bell or sound the whistle, it was the duty of the court to declare, as matter of law, that plaintiff could not recover. It was then stated that such proof should be supplemented by testimony tending to show that the negligence occasioned the damage; that in such cases, all the facts and circumstances attending the killing should be proved, so that the jury could fairly and rationally conclude whether it resulted from the failure to ring the bell or sound the whistle, or from other causes. To the same effect also is the second case. In the recent case of *Goodwin v. C., R. I. & P. R'y Co.*, 75 Mo. 75, where the facts are much like those in the case at bar, the court remarked, after referring to the doctrine stated in the cases cited above, that, " In the case at bar, however, other facts did appear, which justified its submission to the jury. The steer was not fastened or in any manner confined, or unable to escape, if the signals had been given. The engineer on the locomotive saw it step upon the track. These facts are sufficient to distinguish this from the cases above cited."

For a like reason, under the authority of that case, this case is also distinguishable from them. Here, as in the case in 75 Mo., *supra*, the fact of the killing and the failure to ring the bell or sound the whistle, was supplemented by other testimony, tending to show the negligence in question might have occasioned the damage. In this case it was shown that the train was running at a higher rate of speed than usual, and that the steer in question

was a young, strong, healthy and active animal, and there was nothing to prevent its escape, if the statutory signals had been given. The object, natural tendency and usual effect of such signals is to frighten cattle from the railroad track, and the jury, in connection with these facts attending the killing, might have inferred, that such would have been the case in this instance, if the defendant had done its duty in this particular. At least it was a question for the jury to determine, and in such case we cannot say that there was no evidence that the steer was killed in consequence of the failure to ring the bell or sound the whistle. The settled rule of this court is not to disturb a verdict, if there is any evidence to support it. For this reason we think the appellant's second point is not well made.

The first point, however, appears to be well taken. From inadvertence, or otherwise, the record fails to show any evidence whatever, that the plaintiff was the owner or in possession of the steer killed, and for that reason the evidence fails to support the verdict. We are powerless to supply the omission, and the instruction in the nature of a demurrer to the evidence, should, therefore, have been given. For this reason the judgment is reversed and the cause remanded. All concur.