THE STATE *ex rel.* CLINTON COUNTY v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

| | |
|---|---|
| 78 | 575 |
| 33a | 121 |
| 78 | 575 |
| 47a | 120 |
| 78 | 575 |
| 115 | 82 |
| 78 | 575 |
| 66a | 385 |
| 78 | 575 |
| 176 | 450 |
| e176 | 451 |
| 78 | 575 |
| 102a | 679 |

**Re-taxation of Costs.** The court may, upon notice, correct an error in the taxation of costs after the lapse of the judgment term and after the judgment and costs as first taxed have been paid.

*Appeal from Chariton Circuit Court.*—HON. GEO. W. DUNN, Judge.

AFFIRMED.

*Geo. W. Easley* for appellant.

*J. M. Lowe* and *R. Hughes* for respondent.

MARTIN, C.—The controversy in this case is about costs, and rises from a motion to re-tax costs in favor of the plaintiff's attorney, which was filed on the 26th day of April, 1879. It appears from the record that at the December term, 1876, of the Clinton circuit court, the plaintiff in a

suit bearing the name and style of the parties to this record, recovered judgment against the defendant in the sum of $6,390, for back taxes due from defendant for the years 1873 and 1874, and for costs of suit.   By the session acts of 1875 it is provided that the " prosecuting attorney instituting and conducting such suit for the taxes, shall, if the plaintiffs recover judgment, receive as his full compensation for his services therein a sum equivalent to five per cent of the sum recovered of said defendant, which said attorney's fees are to be taxed as costs in said cause and recovered and collected as other costs."   Sess. Acts 1875, p. 127.   The suit in which the judgment was recovered was instituted at the April term, 1875, by J. M. Lowe, Esq., as prosecuting attorney, and was concluded by Roland Hughes, who had succeeded him in such office.   In the taxation of costs the clerk failed to include the sum of $319.50, which under the law should have been taxed in favor of the attorneys of plaintiff.   On the 16th day of June, 1877, the defendant satisfied the judgment in the case and all the costs at that time taxed by the clerk, and received an acquittance or discharge to that effect.   Afterward, in April, 1879, the attorneys of plaintiff filed in the case this motion to have the costs re-taxed so as to include the fees given them by the statute.   A summons was attached to this motion as if it was a petition and the same was served on the defendant, who without objection appeared in court, made answer in writing to the merits of the motion and joined with the plaintiff in an agreed statement of facts upon which the court acted as in an independent proceeding.   On the law and agreed case the court, after waiver of jury, rendered a formal finding of the facts as herein recited, and thereupon entered an order on the clerk to re-tax the costs in the case by including the sum of $319.50 in favor of said attorneys, and awarded execution therefor.   The defendant took exception to this action of the court claiming that it had no jurisdiction to enter the order so long after the judgment had been rendered, and after it had been satisfied.

The only question for us to decide is whether the order of re-taxation could be made at the time it was entered after lapse of the term and payment of the judgment. Under the ancient common law costs were not recoverable, and the right to them depends upon statute. *Steele v. Wear,* 54 Mo. 531. This right was first given by the statute of Gloucester, (6 Edw. 1, ch. 1,) which has been very generally adopted in this country. In our statute on costs it is provided that " in all civil actions the prevailing party shall recover costs, except in those cases in which a different provision is made by law." R. S. 1879, § 990. This statute leaves the adjudication of costs in many cases to the discretion of the court. If the case does not fall within that discretion the costs must be taxed against the losing party. *DuPont v. McLaran,* 61 Mo. 502. It is further provided in our statute that " any person aggrieved by the taxation of a bill of costs may upon application have the same re-taxed by the court in which the action or proceeding was had, and in such taxation all errors shall be corrected by the court." R. S. 1879, § 1011. The duty of taxing costs is in the first instance imposed on the clerk of the court, who shall tax them " agreeably to fees which shall for the time being be allowed by law." R. S. 1879, § 1010. When the judgment in this case was rendered we have seen that the law allowed the fee in controversy, and provided that it should be taxed and recovered as other costs in the case. It was, therefore, the duty of the clerk to tax the fee as claimed, and his omission to do so was not cured by lapse of time or payment of the judgment and costs as taxed. The fact that everything else which was taxed by the clerk has been paid, does not change the obligation of the defendant to pay the fee now claimed, and which should have been taxed at the time of the judgment. An application upon notice in the original action is the proper method of making the correction. A distinct and independent suit to effect this purpose would not lie. *McGindley v. Newton,* 75. Mo. 115.

38—78

78 578 / 33a 113
78 578 / 43a 503
78 578 / 47a 522
78 578 / 49a 533
78 578 / 58a 95
78 578 / 61a 693
78 578 / 63a 548
78 578 / 67a 184
78 578 / 69a 558 / 70a 661
78 578 / 85a 163
78 579 / d79a 396

It is our judgment that the action of the court in making the order of re-taxation, which has been appealed from, ought to be affirmed, and it is so ordered. All concur.

TURNER v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY, *Appellant*.

1. **Practice**: AMENDMENT: JUSTICE'S COURT. The circuit court, on appeal from a justice, may allow the constable to amend his return on the summons, according to the fact, so as to show proper service on the defendant.

2. **Railroads**: SIGNALS. Section 38 of the Railroad Law, (Wag. Stat., p. 310,) does not require both the ringing of the bell and the sounding of the whistle when a train approaches a public crossing. Either will suffice.

3. ——: STOCK RUNNING AT LARGE: CONTRIBUTORY NEGLIGENCE. It is no defense to an action under section 38 for killing stock, that the plaintiff allowed his animals to run at large upon the highway near the railroad.

4. ——: FAILURE TO GIVE SIGNALS. If the company fails to give the signal required by section 38, and stock is killed or injured, which is in such a condition or situation that if the signal had been given it might have escaped, this constitutes a *prima facie* case against the company.

*Appeal from Platte Circuit Court.*—HON. GEO. W. DUNN, Judge.

REVERSED.

*Strong & Mosman* for appellant.

*R. P. C. Wilson* for respondent.

HENRY, J.—This suit originated in a justice's court in Platte county, and is for damages for killing plaintiff's stock by a train of cars passing over defendant's road, in consequence, it is alleged, of a failure to ring the bell or sound

the whistle, in violation of section 38, article 2, Wagner's Statutes, volume 1, page 310.

On a motion in the circuit court to which the cause was appealed, to quash the return of the constable on the writ of summons, and dismiss the suit, the court allowed that officer to amend his return, and overruled the motion. The constable's original return was imperfect and defective, but might have been amended in the justice's court, and we think that when the circuit court became possessed of the cause it also could allow the amendment. The justice had jurisdiction of the cause, if the writ was in fact properly served upon defendant, whether the return of service made by the officer was defective or not. The service in this case was sufficient, and the return only was defective in not stating correctly the manner of service, and no error was committed by the circuit court in permitting the amendment.

1. PRACTICE: amendment: justice's court.

The evidence proved the killing of the stock by defendant's train of cars, but whether the bell was rung or the whistle was sounded as required by the statute, was not so clear from the evidence. The court, for plaintiff, gave to the jury the following instruction:

2. RAILROADS: signals.

If the jury believe the horses and colt in question were injured and killed in the public road or highway where the defendant's track crosses it in Lee township, Platte county, Missouri, on or about the 6th day of July, 1879, by the locomotive and cars of the defendant, and that defendant failed to sound a whistle on said locomotive eighty rods from the crossing of said public highway and continue to sound the same at intervals until said highway was passed by the train, or failed to ring a bell within said eighty rods and continue ringing the same until the railroad train crossed said road or highway, they will find for the plaintiff; provided, they further believe that the failure as aforesaid to sound the whistle and ring the bell caused the injury complained of.

The instruction is manifestly erroneous. The statute does not require both the blowing of the whistle and ringing of the bell. Either is sufficient, and yet the instruction is predicated upon a supposed legal duty to do both. By it the jury were told that if defendant failed to blow the whistle, or failed to ring the bell, and if the injury to the stock was caused by such failure to sound the whistle and ring the bell, plaintiff was entitled to recover. The instruction should have been to the effect that if defendant neither sounded the whistle, nor rang the bell, etc., and if the injury was occasioned by such neglect, plaintiff was entitled to a verdict. *Van Note v. Hannibal & St. Joseph R. R. Co.*, 70 Mo. 641.

Counsel for appellant contend that the 38th section imposes no duty upon defendant to plaintiff as to stock which he allowed to stray upon the highway in the vicinity of the track. It is well settled in this State that the owner of cattle is guilty of no negligence in permitting his stock to run at large, whether in the vicinity of a railroad track or remote from one; and the statute was passed in order to require the railroad companies to use proper precautions to avoid injuring or killing stock which might be on or near railroad crossings of public roads. In its wisdom the legislature determined that ringing the locomotive bell, or sounding the whistle, would tend to prevent the injury of stock at such crossings.

Counsel argue from the evidence of experts that neither ringing the bell nor sounding the whistle is apt to frighten stock from the track, but that on the contrary, if near the track, they are as likely to run upon the track of the road as away from it, when frightened by whistle or bell. This may be, but it is a matter for the consideration of the legislature. Section 38 may be an unwise provision, so far as applicable to stock, but this court is not, therefore, authorized to eliminate it from the statutes. The duty imposed by section 38 is not

a very onerous one, and if by complying with that section cattle near the track are frightened and run on the track, or cattle on the track are not frightened off, and are injured, the company incurs no liability under that section, and, therefore, the better course—the only safe course for the company, is to observe the requirements of the statute. When the stock killed or injured at a crossing are in a condition and situation to escape, if the required signal is given, a *prima facie* case is made against the company, if it has failed to give such signal. This has been repeatedly held by this court, and recently in two cases. *Goodwin v. R. R. Co.*, 75 Mo. 75; *Alexander v. R. R. Co.*, 76 Mo. 494.

For the error contained in the plaintiff's instruction, the judgment is reversed and the cause remanded. All concur.