ALFRED ALEXANDER, Respondent, v. THE HANNIBAL
AND ST. JOSEPH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 9, 1885.

PRACTICE—HARMLESS ERROR IN INSTRUCTION.—When it is manifest
that the appellant has not been injured, as when under the evidence
the error in an instruction is harmless, this court will not reverse,
because of such instruction. *Morris v. Ry. Co.,* 79 Mo. 367; *Noble
v. Blount,* 77 Mo. 235.

APPEAL from Caldwell Circuit Court, HON. JOHN.
A. CROSS, Special Judge.

*Affirmed.*

The facts are sufficiently stated in the opinion of
the court.

T. E. TURNEY and STRONG & MOSMAN, for the ap-
pellant.

I. It is *not* required that the whistle shall be
sounded *continuously* for a distance of eighty rods, etc.,
but only at intervals. Sect. 806, Rev. Stat; sect. 38,
Wag. Stat. 310. No such ground of recovery is relied
upon in the pleading, and the instruction was upon an
issue not made in the pleading. *Kenney v. R. R.,* 70
Mo. 255; *Comp v. Heelon,* 43 Mo. 592; *Benson v. R. R.,*
78 Mo. 504.

II. The attention of the court was particularly
called to this error in the motion for a new trial. The
motion should have been sustained. Cases cited *supra.*

O. J. CHAPMAN, for the respondent.

I. The supreme court passed on this case with the
identical evidence and instructions as in the case now
before the court, and is reported in 76 Mo. 494. That
court then passed on the instructions and approved
them.

II.   The court will not interfere, even though an instruction be wrong, unless it clearly appears that the court or jury has been misled to the prejudice of the appellant.  *Porter v. Harrison*, 52 Mo. 524.  The word "continuously" could not mislead, when the evidence established that there was an *entire failure either to ring the bell or to blow the whistle.*

III.   The court will not reverse, even if there is error in the instructions given, where it is manifest that appellant has not been injured, and the verdict or judgment is absolutely correct and for the right party.  *Morris v. R. R.*, 79 Mo. 367 ; *Noble v. Blount*, 77 Mo. 235 : *Davis v. Brown*, 67 Mo. 313.

IV.   The questions involved in this case, having been passed upon by the supreme court are *res adjudicata*, and the court below could have made no other disposition of the case, after the evidence of ownership was supplied.  *Adair Co. v. Ownby & Ely*, 76 Mo. 292.

ELLISON, J.—This case originated before a justice of the peace where plaintiff had judgment and defendant appealed.   In the circuit court, the plaintiff, to maintain the issues on his part, introduced evidence tending to prove that the bell was not rung, nor the whistle sounded as required by law, on the train mentioned in his statement, as it approached the crossing and ran over the steer in controversy.   That the steer was killed on defendant's railroad on the crossing of a public highway, in Gomer township, Caldwell county, Missouri, by a train on defendant's railroad ; that the steer was worth thirty-five dollars ; that the steer was on the crossing with about forty or fifty others, and that none of the others were injured.   The evidence further showed that the steer was about four years old, a strong, healthy animal, with good ears and eyes, and free from all defects.

The evidence further showed that the train was a passenger train behind time and running at a higher rate of speed than usual.   It was proved that plaintiff

was the owner of the steer in controversy at the time he was killed, and that the killing was on the seventh day of July, 1877.

This was all the evidence offered. The plaintiff prayed the court, sitting as a jury, to declare the law to be as follows :

"1. The court, sitting as a jury, declares the law to be that the court is to determine, from all the circumstances connected with the killing of plaintiff's steer, whether said steer was killed at the time and place alleged, in consequence of the defendant's failure to ring its bell or blow its whistle on the engine."

"2. That it is the duty of the defendant, when approaching a crossing of a public road, to ring their bell or sound the whistle on their engine for at least eighty rods before they reach such crossing continuously, and if the court finds the defendants did not perform their duty in this case, and that in consequence of such failure to perform their duty, the steer was killed, the court will find for plaintiff for the value of his steer."

Which declarations or instructions were given as asked.

The defendant prayed the court to declare the law to be as follows :

"Under the statement and evidence, the plaintiff cannot recover, and the finding must be for the defendant."

Which declaration of law the court refused to give.

The court, sitting as a jury, found for the plaintiff.

This case, or one between the same parties, involving the same questions with one in addition, was before the supreme court and is found in 76 Mo. 494. The sufficiency of the proof to entitle plaintiff to recover is there decided, with the exception that plaintiff omitted to prove his ownership of the steer. For failure to make this proof, and for this reason only, the case was reversed and remanded. On trial again the proof of ownership is made and the case with that addition is submitted with the same instructions as before, and as

are found set out in the opinion of the supreme court. No question, however, appears to have been raised as to the instructions in the supreme court. It will be noticed that the trial court declares it to be the duty of the railway company to sound the whistle or ring the bell *continuously* in approaching the crossing, while the statute only prescribes that it shall be done at intervals. These words do not mean the same thing by any means, and I think that ordinarily it would be error for which the case would have to be reversed. I think, however, it is not reversible error in this case. The proof is, that the bell was not rung, nor the whistle sounded at all. The defendant offered no evidence, and all the plaintiff's testimony showed a total failure to comply with the statute. Under this evidence the error in the instruction was harmless. From the testimony, in the absence of anything to contradict it, the jury were bound to find there was no ringing of the bell or sounding of the whistle either continuously or at intervals. When it is manifest, the appellant has not been injured, we will not reverse a cause. *Morris v. Ry. Co.*, 79 Mo. 367; *Noble v. Blount*, 77 Mo. 235.

Affirmed. All concur.