ENGLAND v. FILES, AUDITOR.

1. CIRCUIT COURT;  *Control of orders after term:  Order fixing attorney's fees, etc.*

An order of the circuit court, fixing the attorney's fees for services in proceedings for sale of lands for taxes, under the overdue tax law, is not final and beyond the control of the court after the lapse of the term, like a judgment between litigants.

*John C. & C. W. England* for Appellant.

The question presented here is:  Did the judge have the right, after the adjournment of the January term, to change, alter or modify the decree of the Lonoke circuit court?   We think not.   At the close of the term at which it is rendered the judgment of the circuit court becomes final, and passes beyond the control of the court.   *Mayor, etc., v. Bullock, 6 Ark., 282; Byrd v. Brown, 5 Ark., 709; Rawdon v. Rapley, 14 Ark., 203; Biscoe v. Sandefur, 14 Ark., 568; Ashley v. Hyde, 6 Ark., 100; Cassett v. Biscoe, 12 Ark., 95; Brooks v. Hanauer, 22 Ark., 176; McKnight v. Strong, Ad., 25 Ark., 212; Hardy's Ex'rs, ex parte, 26 Ark., 94; Graham v. Parham, 32 Ark., 676.*

*Dan W. Jones*, Attorney General, for Appellee.

Appellee submits that the usual rule in such cases, that a court has no power over its record, after the adjournment of the term, except to correct misprisions and the like, has no application to suits brought under the overdue tax act.   Section 9 of said act provides that, for the purpose of taking any step in any suit brought under that act, the court shall be considered as always open.   *Sec. 9, Act of March 12, 1881, Acts of 1881, p. 68.*

Section 18 of said act, *Ib.*, *p. 72*, provides that "the strict rules of law, relating to the jurisdiction of courts in special statutory proceedings, shall not be applied to proceedings under this act, but all presumption shall be in favor of the jurisdiction of the courts in which they are had, and of their regularity in all respects."

Moreover, this is merely a matter of the re-taxation of costs —the attorney's fees being a part of the costs of the proceedings under this act—and is within the discretion of the court. *Act of March 12, 1881, supra, Sec. 9; Meadows v. Rogers, 17 Ark., 361.*

This suit being upon the docket of the court until the final confirmation of the commissioner's report, and the court being always open for the purpose of any step necessary to be taken, no notice to appellant that the court would reduce the amount of the fee allowed him was necessary. He was the attorney who conducted and brought the suit, and was compelled to take notice of every step taken by the court. The full force of the doctrine of *lis pendens* is applicable to him. *Freeman on Judg., Sec. 191, et seq.*

The cost of the proceeding, as fixed by the court, should have been certified to the auditor; *Act of March 12, 1881, supra, Sec. 10;* and the clerk had no power to disregard the action of the court, nor had the auditor power to draw his warrant on the treasurer for any greater amount than that fixed by the court as costs. *Ib.*

COCKRILL, C. J. The appellant presented his petition to the Pulaski circuit court, for the writ of *mandamus* to compel the auditor of state to issue him a warrant on the treasurer in payment of services, rendered by him as attorney, in enforcing the payment of overdue taxes, under the act of March 12, 1881, in a suit authorized by the county court of Lonoke county for

that purpose. The following facts, material to be known in this connection, appear from the petition and the exhibits embodied in it:

The Lonoke circuit court, by an appropriate order at its January term, 1882, fixed the basis for estimating the fees to be allowed the clerk and commissioner, the printer, and the attorney who was conducting the cause, who is now the appellant. This order fixed the attorney's fees at the sum of $3.50 for each tract of land to be embraced in the decree of the assessed value of $100 or less; $5 for each tract valued at more than $100 and less than $500, and $10 for each tract valued at more than $500; and the aggregate of the other fees, mentioned in the order, would, perhaps, equal, if not exceed, the allowance for attorney's fee. The same day a final decree was rendered by the court, condemning the lands to be sold for the taxes, penalties and costs of suit. The basis, fixed by the court for estimating the costs, was followed by the clerk or attorney in drafting the decree, and the gross amount of court fees, estimated to be due upon each tract, was taxed against it as one item and designated as costs. The amounts fixed by the court for the attorney's fees were included in these several items. The lands were sold by the commissioner, and, after the time for filing exceptions to the report of sale had expired, the report was confirmed by the circuit judge at chambers in vacation, the court, in the meantime, having adjourned. At the same time an order was made directing the commissioners to pay the taxes, raised by the sale, to the several officials entitled to receive the same, and to disburse the fund raised for the payment of costs *pro rata* among the officers of court, in accordance with the previous order; and the clerk was ordered to certify the costs due upon the lands purchased by the State to the auditor for allowance in accordance with the statute. The following day the clerk delivered the appellant two certificates of the balance due him as attorney, aggregating the sum of $4,420.25.

England v. Files, Auditor.

A few days after this the judge caused an order to be entered upon the records, reciting that the aggregate of the fees allowed was in excess of what had been intended by him, and restraining further action in the matter of fees until the further order of court. Subsequently an order was made by the judge, at chambers, reducing the attorney's fees to one dollar for each tract described in the complaint; and at the next term, as the petition alleges, all of the orders above mentioned were again made and entered in open court. The amount finally awarded the attorney is declared in the order of allowance to be "an equitable and just" fee for the services rendered. The attorney presented to the auditor the certificate of the first allowance made him, and the auditor refused to audit the account.

A demurrer was interposed by the auditor, and upon consideration thereof the petition was dismissed, and England, the attorney, appealed.

The right to an auditor's certificate of indebtedness (not a warrant), for services rendered under the overdue tax act, and the practice in the proceeding to enforce the right, are pointed out in the previous decisions of this court. See *Files as Auditor v. Gatewood, 42 Ark., 233; Files, etc., v. Fuller, 44 Ib., 273; Basham v. Carroll, Ib., 284.*

The only question presented by the appeal in this case, not determined in those cited, is as to the power of the trial court to cut down the allowance made for attorney's fees, after the lapse of the term at which the order fixing the allowance and the final decree in the case were made. The question arises not between litigants, but between a court of equity and one of its officers, in regard to services rendered by the latter in the progress of a cause conducted before the court.

CIRCUIT COURTS: Control of orders after term.

The appellant is content with citing us to the numerous decisions of this court to the effect that after the expiration of the term the circuit court loses its power to alter or amend its

judgments and decrees at will. These cases arose between parties to suits in regard to matters that had been finally and formally adjudged for or against one of them. An officer of the court, and the attorney was no more, whose fees are dependent on the result of a litigation, may be interested in the suit; and may have a vested right in the fees to which he is, by law, entitled, as was held in *Fuller's case, sup.;* but the suit is not prosecuted for the purpose of determining the amount of his fees, and he is in no sense a party to the record. *Baldwin v. Watch, 54 Me., 167.*

Moreover, nothing was adjudged to the attorney in this case. The order, fixing the basis for estimating the fees of the officers of the court, was interlocutory merely. It did not undertake to award the fees to any of the officers, and was intended by the court only as a guide to the clerk to fix a basis for raising a fund for the ultimate payment of costs. The attorney is not mentioned in the decree, and no amount is there set aside as an attorney's fee. It is nowhere decreed that he shall have or recover any part of it.

The costs in this class of cases should not be confounded with the expenses of litigation that are sometimes authorized to be assessed in favor of the winning party against his less fortunate adversary—as where an attorney's fee, under a former practice, was assessed against the losing party upon the dissolution of an injunction. This was an item of damages, and entered into the party's judgment of recovery as such. In cases under the act in question the plaintiff has nothing to do with his attorney's fees, as was held in *Fuller's case, sup.* It is the duty of the court to fix the fee, and in arriving at the amount the judge, sitting in chancery, uses his discretion just as he does in fixing the compensation of a master, a commissioner, or a receiver, and the fee when ultimately awarded goes, not to a party to the suit for his own or the officer's benefit, but to the officer direct. If it had been the intention

of the court, at the time of entering the final decree, to fix ultimately and finally the appellant's and other officers' right to any specific sum, the entry should have been framed with that in view; but it was not done, for the obvious reason that it could not be foreseen with certainty that the attorney or the other officers would perform the duties yet incumbent upon them in winding up the decree, or that, through accident or neglect, it might not become necessary to employ others in their stead.

A wide range of discretion is vested in the courts exercising equity jurisdiction in matters of costs. In the complicated matters that they deal with, this has been thought necessary in order to prevent the oppression of suitors; and where allowances not embraced in the fee bills are to be made for the benefit of any of their officers, it is the duty, as it is, without doubt, one of the incidental powers of the courts, not only to hold the officer to a rigid discharge of his obligations, but to withhold him from oppression of any suitor. The court has the same right to exercise this authority over an attorney, when he appears in his capacity of officer, as it has over the clerk, master or other inferior officer of the court, and for this purpose its orders of allowance and other orders in reference thereto no more pass beyond its control with the lapse of a term, than the rules of practice which the court makes for its own guidance and regulation.

The circuit court in this case was in the proper exercise of this power when the first order of allowance was revoked and a reasonable compensation for its officers fixed. It had never been intended to bestow upon them the munificent sums the first order aggregated, and the earliest opportunity was seized after the inadvertence was discovered to rectify it. The amounts had not been paid or the claims audited, and the matter had not passed beyond the court's control. The previous enjoin-

ing order of the court served as a sufficient notice to the attorney of the court's intention to modify the first order.

In the case of *State, ex rel. Clinton County, v. Hannibal & St. Louis R'y Co., 78 Mo., 575*, the court, in aid of an attorney in an overdue tax case where he had neglected to have his fee taxed as costs, assessed his fee after the term and after the judgment had been paid.   See, too, *Harris v. Fortune, 1 Binn., Pa., 125.*

Affirm.