JAMES W. BARR, Respondent, v. HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, April 10, 1888.

1. DAMAGES—STATUTORY OR COMMON LAW.—In a suit for damages for the killing of the plaintiff's cow by the defendant's railroad train, it is error to submit to the jury a question of the defendant's liability for common-law negligence, when the evidence related only to the statutory negligence of failing to ring the bell or blow the whistle while approaching a public road crossing.

2. —— NEGLIGENCE, STATUTORY.—A failure by the persons in charge of a railroad train to sound the proper signals when approaching a public road crossing, as required by the statute, is *prima-facie* evidence of negligence; but this may be rebutted by proof that the accident was not caused by such failure or omission.

APPEAL from the Shelby Circuit Court, HON. THEODORE BRACE, Judge.

*Reversed and remanded.*

STRONG & MOSMAN and VINTON PIKE, for the appellant: Defendant's demurrer to the evidence should have been given. *Meyer v. Railroad*, 64 Mo. 542; *Holman v. Railroad*, 62 Mo. 562; *Braxton v. Railroad*, 77 Mo. 457; *Harlan v. Railroad*, 18 Mo. App. 483; *Fitzgerald v. Railroad*, 18 Mo. App. 391; *Sloop v. Railroad*, 22 Mo. App. 593; *Crow v. Railroad*, 23 Mo. App. 357; *Young v. Railroad*, 79 Mo. 336; *Milburn v. Railroad*, 21 Mo. App. 431; *Welch v. Railroad*, 20 Mo. App. 477. Plaintiff's first instruction is too general. The question of negligence is thereby referred to the jury. *Yarnall v. Railroad*, 75 Mo. 583; *Zimmerman v. Railroad*, 71 Mo. 491; *Abbott v. Railroad*, 83 Mo. 272; *Crews v. Lackland*, 67 Mo. 622. The second instruction given for plaintiff does not mend the matter. It is also erroneous in failing to tell the jury that

defendant was only liable if, after its servants discovered the danger, they failed to use proper diligence and effort to avoid the injury. *Rine v. Railroad*, 88 Mo. 399 ; *Young v. Railroad*, 77 Mo. 340 ; *Wallace v. Railroad*, 74 Mo. 594 ; *Brown v. Railroad*, 75 Mo. 428 ; *Milburn v. Railroad*, 21 Mo. App. 431 ; *Welch v. Railroad*, 20 Mo. App. 477. The evidence as to failure to give signals should have been excluded, and the plaintiff's third instruction refused, for the reason that said evidence and instruction related to issues not presented in the case. *Edens v. Railroad*, 72 Mo. 213 ; *Price case*, 72 Mo. 414 ; *Waldhier case*, 71 Mo. 516 ; *Roysdon v. Railroad*, 82 Mo. 213 ; *Meyers v. Railroad*, 64 Mo. 544 ; *Hassett v. Rust*, 64 Mo. 328 ; *Housherger v. Railroad*, 43 Mo. 199. The instruction is inconsistent with plaintiff's first and second instruction. *Henschen v. O'Bannon*, 56 Mo. 280 ; *Lamport v. Gas Co.*, 12 Mo. App. 575–6 ; *Price v. Railroad*, 77 Mo. 512 ; *Lester v. Railroad*, 60 Mo. 268–9. It is an erroneous statement of the law. *Clay v. Railroad*, 17 Mo. App. 632 ; *Turner v. Railroad*, 78 Mo. 578 ; *Cathcart v. Railroad*, 19 Mo. App. 113 ; *Vannati v. Railroad*, 70 Mo. 641. It assumes facts in issue. *White v. Chaney*, 20 Mo. App. 389 ; *Flori v. St. Louis*, 3 Mo. App. 231. The court erred in refusing instructions asked by defendant. Under the amendment of section 806, Revised Statutes (Sess. Acts. 1881, p. 79), the damages given are penal.

W. O. L. JEWETT, for the respondent: The first error assigned by appellant is that the court admitted illegal testimony. This is based on appellant's theory that the omission of the signals could have no connection with the killing. *Milburn v. Railroad*, 21 Mo. App. 430. If beneficial to give signals after stock is seen approaching track, it may be beneficial even when not seen. *Taylor v. Railroad*, 83 Mo. 386 ; *Robertson v. Railroad*, 84 Mo. 119. Whether the omission to ring the bell and sound the whistle caused the killing is for the jury, and the connection between the omission and

killing may be inferred from facts in evidence. *Holman v. Railroad*, 62 Mo. 562 ; *Kendig v. Railroad*, 79 Mo. 207. It is negligence to omit the signals which the law requires. *Zimmermann v. Railroad*, 71 Mo. 491 ; *Kelley v. Railroad*, 88 Mo. 548; *Carl v. Railroad*, 55 Mo. 482 ; *Alexander v. Railroad*, 76 Mo. 494. A *prima-facie* case is made if the animal is killed at a crossing and signals are omitted, if the animal could escape. *Kenrich v. Railroad*, 76 Mo. 391 ; *Turner v. Railroad*, 78 Mo. 578, 581 ; *Goodwin v. Railroad*, 75 Mo. 75 ; *Petty v. Railroad*, 88 Mo. 306 ; *Alexander v. Railroad*, 76 Mo. 494 ; *Taylor v. Railroad*, 83 Mo. 386; *Robertson v. Railroad*, 84 Mo. 119. It is not necessary to show any connection between the omission of signals and the killing. *Persinger v. Railroad*, 82 Mo, 197; *Kenrich v. Railroad*, 81 Mo. 525 ; *Keim v. Transit Co.*, 90 Mo. [314. The amendment to section 806, Revised Statutes, in Acts of 1881, p. 79, makes the railroad company responsible for damage at crossings when signals are omitted, unless defendant proves it was not caused by the omission. *Huckshold v. Railroad*, 90 Mo. 548, 555. A common-law count for negligent killing is sufficient, and the omission of signals or any violation of law may be given in evidence under this count. *Milburn v. Railroad*, 21 Mo. App. 426 ; *Kendig v. Railrovd*, 79 Mo. 207 ; *Graham v. Railroad*, 75 Mo. 75 ; *Alexander v. Railroad*, 76 Mo. 494; *McPheeters v. Railroad*, 45 Mo. 22 ; *Garner v. Railroad*, 34 Mo. 235 ; *Mapes v. Railroad*, 76 Mo. 367 ; *Edwards v. Railroad*, 76 Mo. 399 ; *Robertson v. Railroad*, 84 Mo. 119.

Thompson, J., delivered the opinion of the court.

This action was commenced before a justice of the peace to recover damages for killing the plaintiff's cow. A trial in the circuit court resulted in a verdict and judgment for the plaintiff for fifty dollars, the value of the cow as shown by uncontroverted evidence. In the statement originally filed there was a statutory count, and also a common-law count grounded on negligence. The

circuit court sustained a demurrer to the statutory count, but overruled it as to the common-law count. The cause thus went to trial upon the common-law count alone. After stating the incorporation of the defendant, etc., it proceeded to state the cause of action thus : " That on said day, plaintiff owned a cow of the value of fifty dollars, which said cow, without plaintiff's knowledge or fault, strayed upon the track of defendant's said road, at the crossing of a public road in said township ; and defendant so carelessly and negligently ran its engine and train of cars, then and there passing over defendant's said railroad, that defendant's said engine, at said public crossing, struck and killed plaintiff's said cow, to his damage in the sum of fifty dollars, for which, with costs, he asks judgment." The sufficiency of this statement was questioned by a motion in arrest of judgment, but the appellant seems to have abandoned this point, as it was clearly untenable. *Schneider v. Railroad*, 75 Mo. 296, where a statement in similar language was held good.

Against repeated objections of the defendant, the court allowed witnesses for the plaintiff to testify that, on the train of the defendant which struck and killed the plaintiff's cow, neither the bell was rung nor the whistle sounded within eighty yards of the crossing, as required by section 806, Revised Statutes. There was no error in this ruling. Our Supreme Court has held in several cases that, where an animal is killed by a railway train at a highway crossing and the owner brings an action at common law without referring to the statute, the statutory negligence may be given in evidence. *Goodwin v. Railroad*, 75 Mo. 73 ; *Schneider v. Railroad*, 75 Mo. 296 ; *Robertson v. Railroad*, 84 Mo. 121.

The evidence adduced at the trial tended to show that the plaintiff's cow was killed by a freight train of the defendant at a highway crossing in the western part of the town of Shelbina; that the train approached the crossing on a down grade, running, according to some of

the plaintiff's witnesses, at an unusual rate of speed, but according to the defendant's witnesses, at the usual speed of fifteen or eighteen miles an hour; that the cow approached the crossing from the south, and walked upon the track, according to a witness for the plaintiff, when the engine was about one hundred feet distant from the crossing, but, according to the defendant's evidence, when it was not more than forty feet distant, and was immediately struck and killed by the engine. Several witnesses testified for the plaintiff, that neither the bell was rung nor the whistle sounded, as the train approached the crossing, until the moment before the cow was struck, when the alarm whistle was sounded in several short puffs.    Several witnesses for the defendant, on the other hand, testified that the engine had a steam bell, which was in good order, and which was set to ringing when the train left a station called Clarence, twelve miles to the west, and which rang continuously until after it passed the crossing where the accident happened.    The same witnesses also testified that the steam whistle was sounded at the whistling post, eighty yards from the crossing.    There was no evidence that the cow was seen, either upon the track, or coming upon the track in time to have stopped the train and prevented the accident, but the uncontradicted evidence was to the contrary.    In fact, there was no evidence of negligence to take the case to the jury upon any theory other than the failure to give the statutory signals as the train approached the crossing.    Nevertheless, the court submitted the case to the jury upon two theories : (1) The general theory of negligence—the failure of the defendant's employes in charge of the train to exercise reasonable or ordinary care to avoid the injury ; (2) upon the statutory ground of failing to ring the bell, or sound the whistle within eighty yards of the crossing, and to keep the bell ringing or the whistle sounding at intervals until the locomotive should have passed the crossing.    Upon the former of these theories the court submitted the case to the jury upon the following instruction :

"2. Negligence is the lack of such care and caution as men of common sense and prudence generally exercise under like circumstances, and if the collision of defendant's engine with plaintiff's cow could have been avoided by the exercise of reasonable care and prudence on the part of defendant's employes, the verdict should be for plaintiff."

Outside of the possible failure to give the statutory signals, we see no evidence that the employes of the defendant were guilty of a lack of such care and caution as men of common sense and prudence generally exercise under like circumstances, or that the collision of the engine with the plaintiff's cow could have been avoided by the exercise of reasonable care and prudence on the part of defendant's employes. On the contrary, the defendant was clearly entitled on this phase of the case to the following instruction, which it requested and which the court refused:

"3. There is no evidence in this case tending to show any neglect or failure of duty of defendant's servants in running said train after the cow mentioned came upon the crossing mentioned, nor after they became aware of her peril."

We must add that this case, upon the question whether there was general evidence of negligence outside of the statute, is clearly distinguished from *White v. Railroad*, 20 Mo. App. 564, where we held that there was such evidence to take the case to the jury, though we regarded the case as a very close one. There the evidence tended to show that the engineer might, by keeping the proper lookout, have seen the cow approaching the crossing at a distance of two or three hundred yards; but there was no such evidence in this case. There also no effort was made to stop the train, while here such an effort was made.

We must hold that the giving of the former of the above instructions by the court was error, and that the attention of the jury should have been confined to the

only evidence of negligence in the case, the failure to give the statutory signals.

Upon this second branch of the case, we are unable to concur in the views put forward by the learned counsel for the defendant. It was the rule under section 806, Revised Statutes, prior to the amendment of 1881, that a railroad company could not be held liable for the killing of an animal at a highway crossing upon the mere ground that its employes had failed to observe the statutory signals, unless there was evidence from which a jury might reasonably infer that the failure to observe such signals was the proximate cause of the accident, and that, in the absence of such evidence, it was the duty of the judge to direct a verdict for the defendant. *Holman v. Railroad*, 62 Mo. 562 ; *Stoneman v. Railroad*, 58 Mo. 503 ; *Craycroft v. Railroad*, 18 Mo. App. 487. But in several cases our Supreme Court qualified this doctrine by holding that where the animal was in such a situation that it *might have escaped* if the statutory signals had been given, the question whether the failure to give the statutory signals was the proximate cause of the accident was a question for the jury. *Goodwin v. Railroad*, 75 Mo. 75 ; *Alexander v. Railroad*, 76 Mo. 497 ; *Turner v. Railroad*, 78 Mo. 578. In the leading case announcing this doctrine (*Goodwin v. Railroad*, 75 Mo. 73, 76) Henry, J., speaking for the court, said : " Where nothing is shown, in an action based upon the section above referred to (Rev. Stat., sec. 806), except the omission of the duty enjoined and the injury, it has been held by this court that it is the duty of the trial court to declare, as a matter of law, that the plaintiff cannot recover." *Stoneman v. Railroad*, 58 Mo. 503 ; *Holman v. Railroad*, 62 Mo. 562.

In the case at bar, however, other facts did appear, which justified its submission to the jury. The cow was not fastened, or in any manner confined, or unable to escape, if the signals had been given. The engineer on the locomotive saw it step upon the track. These

facts are sufficient to distinguish it from the cases above cited. The evidence of the neglect to comply with the injunctions of that section was, therefore, admissible, and it was a question for the jury whether that omission "occasioned the injury." This language was quoted and applied in *Alexander v. Railroad*, 76 Mo. 497, a similar case. In *Turner v. Railroad*, 78 Mo. 578, the same question came before the court and was disposed of in the opinion of the court, given by Henry, J., in the following language: "Counsel argue from the evidence of experts that neither ringing the bell nor sounding the whistle is apt to frighten stock from the track, but that, on the contrary, if near the track, they are as likely to run upon the track of the railroad as away from it, when frightened by whistle or bell. This may be, but it is a matter for the consideration of the legislature. Section 38 (now Rev. Stat., sec. 806) may be an unwise provision so far as applicable to stock; but this court is not, therefore, authorized to eliminate it from the statutes. The duty imposed by section 38 is not a very onerous one; and if, by complying with that section, cattle near the track are frightened and run on the track, or cattle on the track are not frightened off, and are injured, the company incurs no liability under that section; and, therefore, the better course—the only safe course for the company,—is to observe the requirements of the statute. When the stock killed or injured at a crossing are in a condition and situation to escape if the required signal is given, a *prima-facie* case is made against the company, if it has failed to give such signal."

Before any of the three cases last named had been decided, but long after the causes of action therein arose, the legislature passed an act amendatory of section 806, Revised Statutes (Acts of 1881, p. 79), so as to make the last sentence read as follows: "And said corporation shall also be liable for all damages which any person may hereafter sustain at such crossing when such bell shall not be rung, or such whistle sounded, as

required by this section ; provided, however, that nothing herein contained shall preclude the corporation sued from showing that the failure to ring such bell or sound such whistle was not the cause of such injury.'' The manifest purpose of the legislature in enacting this amendment was to repeal the rule announced in *Stoneman v. Railroad, supra*, and in *Holman v. Railroad, supra*, and to shift the burden of proof upon the defendant, by making the mere fact of the failure to observe the statutory signals *prima-facie* evidence of negligence producing an accident, and by requiring the defendant to overcome this presumption to the satisfaction of the jury. In other words, it was manifestly intended by this statute—for to give it any other meaning would make it mean nothing—to shift the burden of proof in such a contingency upon the defendant. This seems to have been the understanding of the Supreme Court, as shown by its opinion in *Huckshold v. Railroad*, 90 Mo. 555, 556, where it came before the court for the first time for interpretation. Norton, C. J., speaking for the court, said : '' We think it clear that it was intended by this amendment to establish the rule that a *prima-facie* case is made, when a person suing for damages sustained at the crossing by a railroad of a public road or street, shows that neither the bell of the engine was rung nor whistle sounded, as required by the statute ; that he makes out a *prima-facie* case, and that the burden of rebutting it is cast upon the corporation. If not intended to accomplish this, we are at a loss to give it any meaning at all.''

These observations show that, in the case before us, the trial court committed no error in giving the following instruction :

'' 3. If the jury believe, from the evidence, that plaintiff's cow was killed in the public traveled highway, where the track of defendant's railroad crosses such highway in Salt River township, in Shelby county, Missouri, on or about the — day of August, 1885, by the locomotive and cars run by defendant ; and that neither

the whistle on said locomotive was sounded eighty rods from such crossing, and was continued to be sounded at intervals until said locomotive passed said crossing ; nor was the bell attached to said engine rung eighty rods from said crossing, and continued to be rung until the engine had passed said crossing, then they will find for plaintiff ; provided, they further find that the failure to sound said whistle or ring said bell caused the injury complained of.''

Applying the principles of the cases above cited, it must be held that, even without the aid of the statute of 1881, the question was for the jury ; since, if the statutory signals had been given the animal might have been frightened away so as not to have come upon the track, as she was not fastened nor her movements in any way impeded. But under the act of 1881, it was for the jury alone to say whether the *prima-facie* case of negligence created by the statute was overcome or rebutted by the evidenciary facts before them. Instructions in substance not dissimilar to the above were approved in *Alexander v. Railroad*, 76 Mo. 496.

We, therefore, see no error in this second branch of the case ; but, for the error of submitting the case to the jury upon the general theory of negligence and not confining them to the negligence denounced by the statute, the judgment of the circuit court is reversed and the cause remanded. Judge Rombauer concurs.