VERMONT MARBLE COMPANY, Appellant, v. E. R. ACHUFF, Defendant; JAMES E. RAGSDALE, Interpleader, Respondent.

St. Louis Court of Appeals, March 1, 1898.

**Attachment**: EVIDENCE: OFFICIAL ACTS OF RECORDER. The official acts of a recorder can not be known by his official signature alone. The law requires that his official act shall be attested by his seal of office before it will take cognizance of the act.

*Appeal from the Monroe Circuit Court.*—Hon.
Reuben F. Roy, Judge.

Reversed and remanded.

W. T. Ragland and Frank W. McAllister for
appellant.

The chattel mortgage purporting to have been
executed by Achuff to interpleader Ragsdale, should
not have been admitted into evidence over the objec-
tion of the plaintiff. *First*. Because it was void as to
plaintiff on account of the vagueness and uncertainty
of the description of the property therein. This
description is not sufficient to "enable third parties
aided by inquiries which the instrument itself suggests
to identify the property." Stonebraker v. Ford, 81
Mo. 532; Chandler v. West, 37 Mo. App. 631; Jen-
nings v. Sparkman, 39 Mo. App. 663; Bozeman v.
Fields, 44 Mo. App. 432. Because interpleader's title
rested solely on the chattel mortgage he introduced in
evidence, and the same was invalid as to plaintiff, for
the reason that it was not recorded, or filed, or a copy
thereof filed in the recorder's office in Randolph
county, Missouri, the county in which the mortgagor
resided at the time of its execution. Laws of 1895, p.
179, 180; Martin Perrin Mercantile Co. v. Perkins,
*supra*. *Second*. Because said mortgage was void as
to plaintiff by reason of the vague, uncertain and
indefinite description of the property contained
therein.

J. H. Whitecotton and T. T. Rodes for respond-
ent.

The mortgage was properly admitted in evidence
by the court because upon its face it substantially com-

plied with the law governing chattel mortgages and apparent defects if any were susceptible of being supplied by oral testimony, and it shows the "locus" of the property mortgaged. *First*, as to sufficiency of description. Jennings v. Sparkman, 39 Mo. App. 663; Vette v. Leonori, 42 Mo. App. 217; Finke v. Pike, 50 Mo. App. 564; Estes v. Springer, 47 Mo. App. 99; Trimble & Co. v. Keet & Co., 56 Mo. App. 683. *Second*. Interpleader only permitted the property to be sold when all proceeds, less actual expense, were paid to him. The evidence shows that mortgagor was required to keep an account of each piece sold and to account to mortgagee for all proceeds, less the actual expenses, which under the law declared by this court he had a right to do. Scudder v. Bailey, 66 Mo. App. 40; Metzner v. Graham, 57 Mo. App. 404; Bank v. Shackleford, 67 Mo. App. 475. *Third*. Mortgage was filed in the county where the defendant resided, as the evidence fully shows, and as this question was not raised in the lower court can not be raised here for the first time against respondent. *Fourth*. Mortgage was not void because of uncertainty of description, because it sufficiently described the property and identified it so as to enable third parties on reasonable inquiry to ascertain the property conveyed. Jennings v. Sparkman, 39 Mo. App. 663; Vette v. Leonori, 42 Mo. App. 217; Finke v. Pike, 50 Mo. App. 564.

BLAND, P. J.—Suit was begun in the Monroe circuit court by plaintiff against E. R. Achuff by attachment. A lot of marble monuments, finished and unfinished, found in the possession of Achuff, were seized under the writ of attachment issued in the cause, for which Ragsdale interpleaded. On trial of the interplea Ragsdale recovered a judgment, from which plaintiff duly appealed.

Ragsdale claimed right of possession of the attached property by virtue of a chattel mortgage executed to him by Achuff on the twentieth day of November 1895, to secure a promissory note made by Achuff to Ragsdale, dated November 5, 1895 for $1,600. The mortgage was duly acknowledged before a notary public and was indorsed as follows: "Filed this 20th day of November, A. D. 1895, at 2 o'clock P. M.

"CHAS. A. CREITH, Recorder."

In the body of the mortgage it is recited that Achuff is a resident of Randolph county, and Ragsdale of Monroe county. Among other objections made to the reading of the mortgage in evidence, it was objected that the mortgage had not been recorded, as required by section 5176, Revised Statutes 1889, as amended by section 1, acts of 1895, entitled "Fraudulent Conveyances, Mortgages of Personalty." (Acts 1895, p. 179.) Section 1, *supra*, provides that no mortgage or deed of trust of personal property hereafter made shall be valid against any other person than the parties thereto, unless possession of the mortgaged or trust property be delivered to and retained by the mortgagee or trustee or *cestuis que trust*, or unless the mortgage or deed of trust be acknowledged or proved and recorded in the county in which the mortgagor or grantor resides, in such manner as conveyances of land are by law directed to be acknowledged or proved and recorded, or unless the mortgage or deed of trust, or a true copy thereof, shall be filed in the office of the recorder of deeds of the county where the mortgagor or grantor executing the same resides." "Such recorder shall indorse on such instrument or copy the time of receiving the same, and keep the same in his office for the inspection of all persons." * * * Section 4 of the acts of 1895 provides that where the mortgage is filed for record by

Marble Co. v. Ragsdale.

copy, the recorder shall certify on the back of the original that a true copy thereof has been filed, giving date." * * * No special provision is made by the act for such certificate or any certificate where the original instrument is deposited with and filed by the recorder. We must therefore look to the general statutes concerning the recording of deeds to ascertain what the statute has made evidence of the fact that the deed has been filed and recorded. Section 7435, Revised Statutes 1889, requires the recorder of deeds when he has recorded a deed to certify, on or under the deed, the day and time, month and year, when he received it and the book and page, etc., in which it has been recorded, and section 7451, Revised Statutes 1889, requires the recorder of deeds to have a seal of office.

It may be inferred from what purports to be an indorsement made by one styling himself recorder, on the mortgage in this case, that the mortgagee undertook to have it recorded by the old method, that is bodily copied in a record of mortgages, or by depositing the original with the recorder under one of the provisions of section 1, acts of 1895, *supra*. But there is no competent evidence here that either was done, for there is no certificate of the recorder that either was done, nor does it appear when or in what county it was done, if done at all. The official acts of a recorder can not be known by his official signature alone. The law requires that his official act shall be attested by his seal of office, before it will take cognizance of the act. There was no competent evidence that the mortgage in this case had been recorded, and the objection to it as evidence should have been sustained. This objection to the mortgage may be cured on a retrial, by procuring the official certificate of the recorder to the fact that the instrument has been recorded by some one of the methods

CERTIFICATE of recorder.

provided for by the acts of 1895, if such is the fact, and it may be shown that Achuff as contended for by respondent was actually a resident of Monroe county and not of Randolph county when he executed the mortgage. The recital that he was a resident of Randolph county is not conclusive of that fact. The objection that the property is not suffi-

RECITAL not con- ciently described in the mortgage is not clusive.

tenable. If, as seems to be the case, a person with the mortgage in his possession or the description before him, could have gone to the designated building and there pick out and indentify the articles, the description is sufficient. Bozeman v. Fields, 44 Mo. App. 432.

The evidence is very strong that when the mortgage was given some of the monuments were unfinished, and that all of them (being grave monuments) had to be lettered and put up when sold, and that it was agreed between Achuff and Ragsdale that Achuff should retain possession, finish the unfinished monuments, make the letterings, sell and put them up, and account to Ragsdale for the first cost retaining the value of his labor and whatever profits might be made.

This arrangement, if made was clearly for the benefit of Achuff, and under our statute, section 5169, Revised Statutes 1889, was fraudulent as to Achuff's creditors. Goddard v. Jones, 78 Mo. 578; Stanley v. Bunce, 27 Mo. 269; Walter v. Wimer, 24 Mo. 63. For the errors complained of the judgment is reversed and the cause remanded. All concur.