## SARAH McNULTY v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

### In Banc, April 29, 1907.*

1. **NEGLIGENCE: Failure to Ring Bell: Burden: Instruction.** Where one act of negligence charged was failure to ring the bell of the engine which struck plaintiff's child at the crossing, the fact that that failure was the cause of the child's death is essential to plaintiff's recovery for that act of negligence, but by the statute plaintiff is relieved of the burden of proving that fact, and the burden of disproving it is cast on defendant. Hence, an instruction for defendant which tells the jury "that before they can find for plaintiff they must believe that the plaintiff has proven the facts in support of her case by a preponderance of the evidence," is erroneous, because it not only places the burden of proving that fact on plaintiff, but requires her to prove it by the preponderance of the evidence.

2. ———: ———: **Demurrer to Evidence.** Where there is evidence tending to prove that the bell was not rung, and plaintiff's suit for damages is based on defendant's failure to ring the bell, no demurrer to the evidence should be sustained.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney,* Judge.

---

*Note.—Decided November 21, 1906, in Division One. Transferred to Court in Banc, reheard, and divisional opinion adopted April 29, 1907.

Affirmed.

*L. F. Parker* and *Woodruff & Mann* for appellant.

The instruction complained of was not only proper but it would have been reversible error for the court to have refused it to defendant. That the plaintiff must make out his case by a preponderance, that is, the greater weight of the evidence, is fundamental; is the law of this State and always has been. The doctrine that a prima-facie case shifts the burden of proof does not in any sense impair or infringe upon the rule. Murray v. Railroad, 101 Mo. 236; Schaefer v. Railroad, 128 Mo. 64; Casey v. Donovan, 65 Mo. App. 527; Marshall Livery Co. v. McKelvy, 55 Mo. App. 240; Clifton v. Sparks, 25 Mo. App. 383; Jones v. Durham, 94 Mo. App. 51.

*A. R. Taylor* for respondent.

As will be seen by section 1102, Revised Statutes 1899, the simple fact that a person on a crossing is struck and injured by an engine being run in violation of that statute makes a prima-facie case of liability against the railroad. The offending instruction, for giving which the trial court granted a new trial, takes no cognizance of the effect of the statute, but requires the plaintiff to prove all the facts to support her case by a preponderance of the evidence. Whereas, after she had proven that her child was killed on the crossing by appellant's engine running without bell, she was not required to prove by a preponderance of the evidence that the running of the engine over the crossing without the bell was the proximate cause of the child's death. The statute itself then puts on the railroad the burden of proving that such violation of the statute was not the cause of the death of the child, and, on this issue, the railroad company had to produce the preponderance of the evidence, and its failure to do so

would make it liable. Huckshold v. Railroad, 90 Mo. 556; Crumpley v. Railroad, 111 Mo. App. 157; Barr v. Railroad, 30 Mo. App. 256.

## In Division One.

BRACE, P. J.—This is an action by the mother to recover damages for the death of her minor child, a daughter, aged about eight years and seven months, who on the 15th of May, 1890, was killed by one of the defendant's engines at the crossing of defendant's tracks over Theresa avenue, in the city of St. Louis. The verdict was for the defendant. Motion for a new trial was sustained, and the defendant appealed. The ground specified by the court upon which the motion for a new trial was sustained is thus stated by the trial judge:

"One ground of negligence charged in the petition as a cause of the death of plaintiff's child, was the alleged failure to sound the bell upon the engine, as required by the statute. This charge was supported by the evidence, and was submitted to the jury in plaintiff's instructions. To make out this charge, it was necessary to show that the failure to ring the bell occurred and that it caused the child's death.

"In defendant's first instruction, the jury were told that the plaintiff must prove 'the facts in support of her case' by a preponderance or greater weight of the evidence. This would require such proof of the alleged fact that the failure to ring the bell was the cause of the child's death.

"The effect of the statute, section 1102, R. S. 1899, adopted in 1881, has been to change the law in this respect, so as to make a prima-facie case by proof of the failure to ring the bell accompanied by an injury at the crossing. There need be no proof that the failure caused the injury. The law supplies that proof, and

casts the burden upon the defendant to show that the failure to ring the bell was not the cause of the injury. [Huckshold v. Railroad, 90 Mo. 554, 555-56; Crumpley v. Railroad, 111 Mo. 152, 157; Lane v. Railroad, 132 Mo. 4, 28; Barr v. Railroad, 30 Mo. App. 248, 255-56.]

"It follows that defendant's instruction was erroneous. For this reason the motion for a new trial is sustained."

The instruction referred to in the statement is as follows:

"The court instructs the jury that before they can find for the plaintiff they must believe that the plaintiff has proven the facts in support of her case by a preponderance, that is, by a greater weight of the evidence, and unless she has done so then the verdict should be for the defendant."

One act of negligence charged in the petition was failure to ring the bell, as required by the statute. The fact that the failure to ring the bell was the cause of the death of the deceased was a fact essential to the recovery by plaintiff for this act of negligence. By the statute (R. S. 1899, sec. 1102), the plaintiff was relieved of the burden of proving that fact and the burden of disproving it was cast upon the defendant. But, this instruction, in effect, not only imposed the burden of proving that fact upon the plaintiff but of proving it by a preponderance of the evidence. This was error, for which the new trial should have been granted. And the action of the court in so doing is abundantly supported by the authorities cited by the learned judge, as well as by a very recent case decided by this court at the October Term, 1905, Green v. Railroad, 192 Mo. 131-143, in which it was said by VALLIANT, J.:

"The statute requiring the signal by bell or whistle was the same prior to 1881 that it is now except in its last clause, which then was in these words: 'and

said corporation shall also be liable for all damages which shall be sustained by any person by reason of such neglect.' [Sec. 806, R. S. 1879.] But in 1881 the section was amended by striking out these words and inserting in lieu of them these words: 'and said corporation shall also be liable for all damages hereafter sustained at such crossing when such bell shall not be rung or such whistle sounded as required by this section, provided, however, that nothing herein contained shall preclude the corporation sued from showing that the failure to ring such bell or sound such whistle was not the cause of such injury ' (Laws 1881, p. 79), and in that form the statute appears in our present revision (R. S. 1899, sec. 1102). The purpose of that amendment was, as is rightly contended by the plaintiff's counsel, to make the proof of the accident and the proof of failure to give the required signal, sufficient for a prima-facie case and to throw the burden of proving that the accident was not the result of the failure to give the signal on the defendant. It was so decided in Huckshold v. Railroad, 90 Mo. 548."

- This disposes of the case.

In answer to the suggestion that defendant's demurrer to the evidence ought to have been sustained, it is only necessary to say that there was evidence tending to prove that the bell was not rung, and that the argument in support of the suggestion goes to the weight of the evidence, with which we have nothing to do.

The order of the circuit court granting a new trial is affirmed, and the cause remanded to that court to be proceeded with accordingly.

All concur.

## In Banc.

PER CURIAM:—Upon a rehearing of this cause by the Court in Banc, the opinion of Brace, P. J., in

Division No. One, is adopted and the judgment of the circuit court in granting a new trial affirmed. *Gantt, C. J., Burgess, Valliant, Lamm* and *Woodson, JJ.,* concurring; *Fox* and *Graves, JJ.,* dissenting.