BEN TATE, Respondent, v. WABASH RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 30, 1911.

1. **RAILROADS: Negligence: Crossing: Milch Cows.** Where an owner of two milch cows turns them out of a neighbor's pasture into the public road, to take them to his home, a short distance away, and across a railway track, and they are killed by a train which gave no signal of approach, the railway is liable where the owner, on seeing the train, endeavored to turn the cows back.

2. ———: ———: **Sounding Whistle: Ringing Bell: Instruction.** An instruction which directs the jury to find for the plaintiff the value of his milch cows killed at a public crossing, if they believe the railway company's servants neglected to sound either the whistle or the bell, is erroneous.

3. ———: ———: ———: ———: **Evidence.** But if, in such case, the railway company does not introduce any evidence, and the plaintiff shows by undisputed affirmative testimony that neither the bell nor the whistle was sounded, the error is harmless.

Appeal from Boone Circuit Court.—*Hon. N. D. Thurmond*, Judge.

AFFIRMED.

*E. W. Hinton* for appellant.

(1) The failure to sound the whistle at the whistling post was wholly immaterial in this case, because

the boy in charge of the cows actually saw the train as soon as he could have been warned by the statutory signal, and hence the court should have directed a verdict for defendant. Hutchinson v. Railroad, 195 Mo. 546; Hutchinson v. Railroad, 161 Mo. 246; McManamee v. Railroad, 135 Mo. 440; McGee v. Railroad, 214 Mo. 533. (2) The plaintiff's son was guilty of contributory negligence as a matter of law in allowing the cattle to get so close to the track that he could not head them, before taking any precautions to observe the train. Nolan v. Railroad, 50 Atl. Rep. 348; Railroad v. Entsminger, 92 Pac. Rep. 1095; Railroad v. Wheeler, 101 Pac. 1001; Sanguinette v. Railroad, 196 Mo. 466. (3) The circumstances were clearly sufficient to warrant a finding of contributory negligence as a matter of fact, and hence the plaintiff's instructions were erroneous in ignoring that defense which was properly pleaded, and in authorizing a verdict for plaintiff without reference to contributory negligence. Abbott v. Mining Co., 112 Mo. App. 550; Hanheide v. Transit Co., 104 Mo. App. 323; Laughlin v. Gerardi, 67 Mo. App. 372. (4) The plaintiff's instruction on the first count was erroneous in directing a verdict for plaintiff if either of the statutory signals was not given. Turner v. Railroad, 78 Mo. 578; Van Note v. Railroad, 70 Mo. 641; Terry v. Railroad, 89 Mo. 586.

*Webster Gordon* and *N. T. Gentry* for respondent.

(1) A failure to sound the whistle at the whistling post and the failure to sound the same at intervals until the crossing was passed, and the failure to ring the bell at all, were the acts of negligence charged in the first count of the petition, and the jury found that the same resulted in the killing of plaintiff's cows. The fact that plaintiff's son, in charge of said cows, saw the defendant's train, at or near the whistling post, is not sufficient to excuse the defendant for its failure to give

the statutory signals. (2) The plaintiff's son was not guilty of contributory negligence as a matter of law. Our Missouri courts have never held that a farmer is guilty of contributory negligence in driving cattle along public highways, even when the highway crosses the railroad track. (3) No error was committed by the trial court in failing to give an instruction on the subject of contributory negligence. The trial court does not have to give instructions in a civil case for a party, unless asked to do so. If defendant had desired to have the jury instructed on that subject it was its plain duty to prepare an instruction and ask the court to give it. Having failed to offer any instruction on that subject at the trial, it has waived its right to have the law declare upon said subject. Mere non-direction is not misdirection, as our courts and text-writers have often said. Morgan v. Mulhill, 214 Mo. 462; Booker v. Railroad, 144 Mo. App. 292; 2 Thompson on Trials, sec. 2341 Williamson v. Transit Co., 202 Mo. 373; Marion v. Railroad, 124 Mo. App. 445. (4) Plaintiff's first instruction told the jury that it was the duty of defendant's servants, agents and employees in charge of its locomotive and cars to sound the steam whistle of said locomotive at a point at least eighty rods before reaching the crossing of the public road and to sound said whistle at intervals until said locomotive had crossed said public road or to ring the bell of said locomotive at a point at least eighty rods before reaching the crossing of the public road and to continue to ring the same until said locomotive had crossed the public road. This instruction follows the language of the Kansas City Court of Appeals in referring to our statute. Atterberry v. Railroad, 110 Mo. App. 615; Wasson v. McCook, 70 Mo. App. 397; Kirkpatrick v. Railroad, 71 Mo. App. 268.

ELLISON, J.—Defendant's train struck and killed two of plaintiff's cows at a place where its road crosses

a public highway, and he brought this action for dam·
ages. The judgment in the trial court was in his fa-
vor.

The following are the facts, substantially as stated
by defendant:

The plaintiff lived on a farm on the east side of and
adjoining the railroad, about a mile from the village
of Hallsville. At this place the railroad runs in a gen-
eral northeast and southwest direction. There is a
county road about a quarter of a mile to the west of, and
nearly parallel with it.

Another public road, referred to in the evidence as
a lane, runs from the first county road in a general
easterly direction across the railroad to the plaintiff's
farm.

According to the witnesses, the cross road runs east,
then makes a "jog" south for about seventy-five steps,
and east about forty-five or fifty steps to the crossing.

In going east toward the crossing, the view of the
railroad to the north was somewhat obstructed by corn
at the time of the accident, but from the jog south there
was a clear view for at least a half miles northeast of
the crossing.

On the afternoon of the accident the plaintiff's son,
a boy of seventeen, was bringing the cows home toward
the crossing, from a neighbor's pasture. After he
turned south, and while he was in the "jog" he noticed
a train up at the whistling post, coming south toward
the crossing. He then got over the wire fence and at-
tempted to get ahead of the cows, but did not succeed.
The cows went onto the crossing immediately in front
of the train and were instantly struck and killed. The
train was late and running at a high rate of speed,
variously estimated at from forty to fifty miles an hour.
The engine was running backwards.

A number of witnesses for the plaintiff testified
that the bell was not rung and that the whistle was first
sounded after the train had passed the whistling post

and reached a willow tree some hundred and thirty yards from the crossing.

At this point the brakes were applied, and the speed somewhat slackened, but not enough to do any good. The defendant did not introduce any proof.

We are satisfied with the trial court's view of the demurrer to plaintiff's evidence. The case was properly submitted to the jury. The case, as made by the evidence, cannot fairly be likened to that of an individual crossing a track. Of course, there are instances where one's acts in driving cattle could be illustrated by the duty one owes when himself crossing; but this is not one of them.

We think the only question in the case was that of negligence on the part of the defendant in regard to signals, and in this regard we are not impressed with the argument in defendant's behalf. If the signals had been given as required by statute, it might have attracted the attention of the cows and have prevented them, in one way or another, from going upon the track; or it may have caused them to get over without being struck.

The only question presented looking towards a reversal of the judgment is in regard to an instruction which seems to have required the defendant to have sounded *both* the whistle and the bell. If either signal is given, it is all the statute requires. [Turner v. Ry. Co., 78 Mo. 578; Van Note v. Ry. Co., 70 Mo. 641; Terry v. Ry. Co., 89 Mo. 586.] The case cited by plaintiff, Atterberry v. Ry. Co., 110 Mo. App. 608, does not sustain the instruction. Sometimes a slight change in wording makes a great difference in meaning, and care should be taken when intending to inform a jury that only one of two duties is required, not to tell them that both must be performed. In this case plaintiff's first instruction clearly enough informed the jury that it was de-defendant's duty to sound the whistle, *or* to ring the bell. Then, in the second instruction, by changing the form

of the statement, the jury were directed to find for plaintiff if they believed from the evidence that defendant failed to do either of these duties. This was the language, omitting parts not applicable: "If the jury believe from the evidence that . . . the servants of defendant in charge of the locomotive and cars neglected to sound the steam whistle of said locomotive at a point . . . or that said servants neglected to ring the bell of said locomotive at a point . . . then the jury should find for the plaintiff . . ." Thus the jury were told that if they believed the defendant neglected either of those duties, it was liable.

But the question remains: Was there any harm done defendant in view of the undisputed evidence that *neither* of the duties was performed as required by the statute? We have already said that defendant did not introduce any evidence, while that for plaintiff established, by abundant affirmative testimony, that the whistle was not sounded and the bell was not rung.

In such condition of case, we think the technical error ought not to disturb the judgment, and it will accordingly be affirmed. All concur.