A. C. BLEDSOE, Respondent, v. MISSOURI, KAN-SAS & TEXAS RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, February 16, 1914.**

1. DAMAGES: Railroads: Public Crossing: Sounding the Whistle: Cities. In approaching a public crossing in cities the whistle of an engine is not required to be sounded 80 rods distant. But it is so required in villages of less than 500 inhabitants, or else the bell rung.

2. ———: ———: Village: Town: City: Inhabitants. A place of less than 500 inhabitants, which is not incorporated under a special law, cannot be "a city" under the terms of the statute (Secs. 8527, 8528, 9430, R. S. 1909) but may be an incorporated town or village under the general law.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris,* Judge.

AFFIRMED.

*C. B. Sebastian* and *Joseph W. Jamison* for appellant.

*N. T. Gentry* for respondent.

ELLISON, P. J.—Plaintiff's action is to recover the value of a mare colt killed by one of defendant's trains at a road or street crossing in the village of Hartsburg, Boone county. The judgment was for plaintiff.

The negligence charged in the petition was that defendant ran its train without either ringing the bell or sounding the whistle, eight rods before reaching the crossing as is required by section 3140, Revised Statutes 1909. The evidence tended to sustain this allegation and that it caused the collision which killed the colt.

An instruction for plaintiff required defendant to either ring the bell or to sound the whistle and defendant contends that the crossing being in the "town" of Hartsburg it was not required by the statute to sound the whistle. It is true that by the terms of section 3140 aforesaid, the whistle need not be sounded eighty rods from and on the approach to a crossing "in cities." [Kennayde v. Railroad, 45 Mo. 261.]  But the crossing involved here was not in a city. The petition alleges Hartsburg to be a "town;" and the evidence shows it to be a "village" or "town" as those words are known to the statute as distinguished from a city, as defined by the statute, chapter 84, Revised Statutes 1909. The Federal census shows it to be a small place of 175 inhabitants, and it is therefore designated (if not incorporated) as a village. [Sec. 8528.]  By the terms of sections 8527, 8528, and 9430, Revised Statutes 1909, construed together, no place of less than 500 inhabitants can be "a city" unless it has existed under a special law and elects to become a city of the fourth class. So, though Hartsburg is alleged by plaintiff to have passed ordinances and thereby must have been incorporated, we assume that it was incorporated under the general law (Sec. 9430) as a town or village, as no special law is pretended or in any way asserted.

The instructions for plaintiff were unobjectionable, and the evidence to sustain his case abundant. The jury was entitled to draw the inference that if the statutory signals had been given it might have attracted the attention of the animal and caused him to get over the tracks without being struck. [Tate v. Railroad, 153 Mo. App. 533, 537.]

The judgment was for the right party and is affirmed. All concur.