## GEORGE WELTCH, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

**Springfield Court of Appeals, May 19, 1915.**

1. **RAILROADS: Public Crossings: Statutory Signals Required: Liability for Failure to Give.** Sec. 3140, R. S. 1909, requires a locomotive to give certain signals upon approaching a public road crossing. Under this section a case of liability is made against the railroad by proof of damage occurring at such crossing and a failure to give the required signals.

2. ————: **Public Road Crossing: Statutory Signals: Failure to Give: Question for Jury.** In actions against railroads for injury to animals based on a failure to give the signals required by statute at crossings, the question for the jury to determine is whether the evidence shows that such failure is not the cause of the injury rather than to determine whether such evidence shows that such failure is the cause.

3. ————: ————: **Statutory Signals: Failure to Give: Defendant May Exonerate Itself How.** Where plaintiff bases his action against a railroad for injury to stock on failure of defendant to give statutory signals at a crossing, and where the evidence shows that the injury was caused by defendant's train at the

crossing and that no statutory signals were given, the defendant, to exonerate itself from liability, must show that the injury would have occurred even if such signals had been given.

4. ————: **Public Crossing: Injuries to Stock: Signals.** In an action against a railroad for killing plaintiff's horse at a railroad crossing, evidence *held* not to show conclusively that the injury would have occurred even if the statutory signals had been given on approaching the crossing, and the demurrer to the evidence was properly overruled.

5. **APPEAL AND ERROR: Instructions: Harmless Error.** In an action against a railroad for killing plaintiff's horse at a public road crossing, even if error was committed by instructing the jury that both the whistle and bell must be sounded on approaching the crossing, yet such error was harmless where the evidence indisputably showed that neither was being sounded at the time complained of.

Appeal from Bollinger County Circuit Court.—*Hon. Peter H. Huck,* Judge.

AFFIRMED.

*Anthony & Davis* for appellant.

(1) While under recent adjudications it is held that proof of failure to comply with the statute by sounding a whistle or ringing a bell on approaching a public crossing, and the further proof that an animal was struck at such crossing raises a prima-facie presumption of negligence, yet where, as in this case, respondent's own evidence shows that such failure was not the cause of the collision, respondent was not entitled to recover. Atterberry v. Railroad, 110 Mo. App. 608; Green v. Railroad, 192 Mo. 131; Kenney v. Railroad, 105 Mo. 270; McNulty v. Railroad, 166 Mo. App. 439; McCormack v. Railroad, 50 Mo. App. 109; R. S. 1909, sec. 3140. (2) In this case the appellant cannot be held liable because respondent's horse suddenly took fright while in a place of safety and out of the zone of danger, from some unknown cause, and ran upon the track in front of a passing engine, even if the

ordinary noise made by the moving train caused the animal to take fright, and appellant could not be held responsible under such circumstances. Lane v. Railroad, 132 Mo. 4; Brown v. Railroad, 89 Mo. App. 192; Wheeler v. Railroad, 159 Mo. App. 579. (3) Where the cause of injury, as in this case, is in doubt; whether the mare was caused to run at full speed in front of the engine by a failure to give the statutory signals, or whether she was caused to take fright from the ordinary noise of the passing train, or from some other unknown cause, is left to mere conjecture or guess, no recovery can be had. Warner v. Railroad, 178 Mo. 134. (4) Instruction number 1 given for respondent is clearly erroneous in that it required the jury to find that it was the duty of appellant's servants to both sound a whistle and ring a bell as the train approached the crossing in question. Van Note v. Railroad, 70 Mo. 641; Turner v. Railroad, 78 Mo. 578; Terry v. Railroad, 89 Mo. 586; Braddy v. Railroad, 47 Mo. App. 519.

*Caldwell & Williams* for respondent.

Instructions number 1 and number 2 taken together, as they must be, plainly set out the law and no jury could be misled thereby. Johnson v. Railroad, 77 Mo. App. 546; Tate v. Railroad, 153 Mo. App. 533; Brady v. Railroad, 47 Mo. App. 519, 521; Severn v. Railroad, 149 Mo. App. 631; Hafferty v. Railroad, 82 Mo. 90. The question of whether or not the failure to ring the bell or sound the whistle caused the killing of the animal is one for the jury, and under proper instructions the jury have determined that the failure to give the signals required was the cause of the killing of the mare. Tate v. Railroad, 153 Mo. App. 137.

STURGIS, J.—This is an action to recover damages under section 3140, Revised Statutes 1909, for

killing plaintiff's horse. The horse was killed by defendant's locomotive coming in collision with it at a public crossing. The allegation of negligence is that defendant failed to ring the bell or sound the whistle as the freight train in question approached such crossing. The truth of this allegation stands admitted on this appeal and in fact defendant introduced no evidence to the contrary. The defendant's insistence is that plaintiff's evidence shows that such failure on defendant's part was not the cause of the collision and therefore a demurrer to the evidence should have been sustained. For the same reason defendant says the court erred in giving instructions submitting the case to the jury on the theory that plaintiff could recover because of defendant's negligence in this respect.

The facts show that at the place of the injury the public road crosses the railroad track at right angles with fences and cattle guards on either side. As the train approached this crossing, making the noise usual in going up a slight grade, the horse in question was quietly grazing on the commons a little outside of the railroad right of way and near the edge of the public road. The land was unfenced, except the right of way, and the horse was feeding near the corner of the railroad fence, where it turns towards the cattle guards, some fifty or sixty feet from the point on the crossing where it was struck and killed. The horse continued to graze quietly until the engine was seventy-five to one hundred feet of the crossing and then, without apparent cause except that it then first heard the train, suddenly started in a run at an angle somewhat away from the train but towards and across the track. The train and horse met on the crossing, the horse having traveled one-half to two-thirds of the distance covered by the train. No alarm by bell or whistle was given at any time.

Defendant argues that, as the horse was outside the limits of the right of way in a place of safety and

not in the danger zone, as it might or might not have been frightened by ringing the bell or sounding the whistle, as it might or might not have run away from the track as well as towards it and might have been scared into danger rather than out of it, it is therefore purely conjectural that the giving of such alarms as the train approached the crossing would have caused the animal to have acted different than it did. From this it is ingeniously argued, not exactly that plaintiff must adduce evidence to show that the failure to give the statutory signals caused the injury, but rather, and what amounts to the same thing, that the whole evidence must show that the striking of plaintiff's horse by the engine was caused by the negligent failure to give the statutory signals.

We think, however, this is a misconception of the force and effect of our statute on this subject. The statute, section 3140, supra, after requiring one of the statutory signals to be given while the engine is traversing the eighty rods next before reaching a public road crossing and fixing a penalty for neglect in so doing, provides: "and said corporation shall also be liable for all damages which any person may hereafter sustain at such crossing when such bell shall not be rung or such whistle sounded as required by this section: *Provided, however,* that nothing herein contained shall preclude the corporation sued from showing that the failure to ring such bell or sound such whistle was not the cause of such injury." Under this statute a case of liability is made by proof of damage occurring at a crossing and a failure to give the required signals. The plaintiff is not required to prove, nor does the whole evidence in the case have to show, a causal or resultant connection between the failure to give the signals and the damage sued for. The burden is cast on defendant to show that such failure was not the cause of the injury. This is a matter of defense and it is none the less a defense because here, as in many

if not all defenses, if the evidence adduced by plaintiff establishes the defense then plaintiff cannot recover. The ordinary cases of negligence where plaintiff is required to show that his injury results from the negligence charged have no application here. This statute leaves no room for the application of the doctrine stated in Warner v. Railroad, 178 Mo. l. c. 134, 77 S. W. 67, that: "If the injury may have resulted from one of two causes, for one of which and not the other, the defendant is liable, the plaintiff must show with reasonable certainty that the cause for which the defendant is liable produced the result, and if the evidence leaves it to conjecture, the plaintiff must fail in his action." Such, also, is Wheeler v. Railroad, 159 Mo. App. 579, 587, 141 S. W. 472.

It was pointed out in the case of Smith v. Railroad, 19 Mo. App. 120, 124, that this statute was amended in 1881 and that: "By this amendment the plaintiff is relieved from the necessity of showing that the injury resulted 'by reason of such neglect;' and he is only required to show, in the first instance, that his animal was killed by the railroad company's cars, at the crossing of a public highway, and that defendant neglected to ring the bell or sound the whistle, as required by the statute. The amendment then reserves to the railroad company the right to show 'that the failure to ring such bell or sound such whistle was not the cause of such injury.' " It is shown in that case that the cases based on the statute prior to the amendment, requiring the evidence to show that the injury resulted from a failure to give signals, are no longer applicable and this applies to Stoneman v. Railroad, 58 Mo. 503, and Alexander v. Railroad, 76 Mo. 494, cited by appellant. [See also Atterberry v. Railroad, 110 Mo. App. 608, 615, 85 S. W. 114.]

The case of Tate v. Railroad, 153 Mo. App. 533, 537, 134 S. W. 14, is much like this one and the facts there shown are that when the train reached the whist-

ling post, where it should have begun giving signals, the cows which were killed on the crossing were further therefrom than was the horse in this case, but the court said: "If the signals had been given as required by statute, it might have attracted the attention of the cows and have prevented them, in one way or another, from going upon the track; or it may have caused them to get over without being struck." In McCormick v. Railroad, 50 Mo. App. 109, 113, some colts were grazing near the railroad crossing and doubtless in a place of safety, but, on the near approach of the train without giving signals, "sprang the wrong way" and were killed. The court there said: "The jury then might have well concluded that if one of these statutory alarms had been given eighty rods away, and at intervals repeated till the crossing was reached, then the colts would have escaped, and that, therefore, the failure to give one of such signals caused the plaintiff's loss."

In cases of this character the question for the jury to determine, where there is evidence adduced by either party tending to show that the failure to give the statutory signals was not the cause of the injury, is whether the evidence shows that such failure is *not* the cause of the injury rather than to determine whether the evidence shows that such failure is the cause. Where, as here, it is once established that injury was caused by a train at a crosisng and that no statutory signals were given, then to exonerate defendant from liability therefor the evidence must show that the injury would have occurred even if the signals had been given and unless such is shown defendant's liability remains. To warrant the court in directing a verdict for defendant the evidence must conclusively so show, for if left in doubt, or the evidence is contradictory, the question is for the jury.

That the evidence in this case does not conclusively show that this injury would have occurred even if the

signals had been given on approaching this crossing is apparent. Had this animal been frightened sooner, that is, before the train was so close, it could easily have cleared the track. If frightened by the whistle or bell it might have run with greater speed or in a different direction. Whether these possibilities were excluded was for the jury.

The only criticism of the instructions given is that one of them might be understood by the jury as requiring the defendant railroad to give signals both by the whistle and bell on approaching the crossing. Instructions along this line are apt to be confusing and susceptible of either meaning unless carefully worded. The other instruction given plainly told the jury that only one such signal was required to be given. The instruction criticised is similar to the one quoted in Braddy v. Railroad, 47 Mo. App. 519, and the court there held that it was not subject to the objection made. The error, however, would be harmless in this case, as all the evidence on this point shows that neither of the statutory signals was given. The defendant did not contest or introduce any evidence on this point and the evidence is all one way. [Tate v. Railroad, 153 Mo. App. 533, 538, 134 S. W. 14.]

Finding no error in the record the judgment will be affirmed.

*Robertson, P. J.,* and *Farrington, J.,* concur.