MAY MALONE, RESPONDENT, v. ST. LOUIS-SAN-FRANCISCO RAILWAY COMPANY, APPELLANT.*

St. Louis Court of Appeals.   Opinion filed June 1, 1926.

**1.—Appellate Practice—Demurrer to Evidence—Rule.** In determining the question on the sufficiency of the proof to make a case for the jury, the proponent of a demurrer may not look to his own proof to destroy the prima-facie case of plaintiff, but plaintiff may resort to the defendant's proof as an aid to plaintiff's case.

**2.—Railroads—Automobiles—Collision—Statutory Signals—Failure to Give —Jury Question.** In an action for damages for personal injuries sustained by plaintiff when an automobile in which she was riding was struck by one of defendant's passenger trains at a crossing on a foggy day, held under the evidence that the question whether the failure of defendant to give the statutory signals was the proximate cause of the collision was for the jury.

**3.—Same—Crossing—Obstructed.** A railroad crossing will be treated as obstructed where a train could not be seen more than one hundred and fifty feet on account of fog.

**4.—Same—Negligence—Contributory Negligence—Crossing Railroad Tracks on Foggy Day—Right to Rely on Statutory Signals Being Given.** Plaintiff, occupant of an automobile, attempting to cross railroad tracks at a crossing on a foggy day, had a right to rely upon the statutory signals being given, and, when she and the driver listened for them and heard none, her attempt then to cross would not make her conduct such as to adjudge her guilty of contributory negligence as a matter of law.

**5—Same—Proximate Cause—Burden of Proof—Instructions.** In an action for damages growing out of a collision between a passenger train and an automobile at a crossing, an instruction telling the jury, in effect, that, if the plaintiff and the driver were not found to be guilty of contributory negligence, and if the statutory signals were not given, then under the law the failure to give the signal is presumed to be the proximate cause of the accident, and that the burden is then cast upon defendant of proving by the preponderance of evidence that the failure to give a signal was not the proximate cause of the accident, was proper.

**6.—Instructions—Refusal of Instruction Covered by Given Instruction— Not Error.** An instruction offered by defendant was properly refused where the same matter was covered in another instruction given on behalf of defendant.

**7.—Same—Refusal to Give Withdrawal Instructions on Abandoned Issues —Not Reversible Error.** Refusal to give withdrawal instructions on issues in the case which were abandoned did not constitute reversible error.

### On Motion for Rehearing.

**8.—Instructions—Railroads—Crossings—Statutory Signals—Ringing Bell or Sounding Whistle—Failure to Do One or the Other—Instruction Not Erroneous.** An instruction which plainly told the jury that the law in this State requires either that a bell be rung, etc., or that a whistle be sounded at the crossing, and that, if the railroad company failed to do "one or the other," it violated the law, **held** not to require that the railroad must both ring a bell and sound a whistle to comply with the law, though it also stated that failure to ring a bell or sound a whistle violated the railroad company's duty, as the words "neglected to do one or the other" do not mean in ordinary understanding "neglected to do both;" they mean doing neither.

*Corpus Juris-Cyc. References: Appeal and Error, 4 C. J., p. 764, n. 80 New; p. 1022, n. 18. Railroads, 33 Cyc., p. 1024, n. 16; p. 1031, n. 63, 68; p. 1069, n. 93, 94; p. 1091, n. 51; p. 1125, n. 48; p. 1128, n. 63; p. 1130, n. 82, 83; p. 1137, n. 23, 24; p. 1142, n. 51. Trial, 38 Cyc., p. 1598, n. 25 p. 1711, n. 19; p. 1778, n. 73.

Appeal from the Circuit Court of the City of St. Louis.—Hon. H. A. Rosskopf, Judge.

Affirmed.

*E. T. Miller* and *A. P. Stewart* for appellant.

(1) The demurrer to the evidence should have been sustained, and the peremptory instruction requested by defendant at the close of the whole case should have been given. (a) The only negligence relied on as a predicate of recovery was a failure to give the statutory signal by bell or whistle. Both plaintiff and her brother, the driver of the automobile, saw and had notice of the approaching train before the collision. Hence, failure, if any, to give the statutory signals was not the proximate cause of the injury. Peterson v. Railways, 270 Mo. 67; DeWolf v. Dry Goods Co. (Mo. App.), 240 S. W. 1094; Pope v. Railroad, 242 Mo. 232. (b) Plaintiff is barred from recovery by the negligence of her driver, which is imputable to her. Threadgill v. Railways, 279 Mo. 466; Tannehill v. Railways, 279 Mo. 158. (c) That the driver of the automobile was negligent conclusively appears from the evidence for plaintiff. State ex rel. v. Bland (Mo.), 237 S. W. 1018; Wallace v. Railway (Mo. App.), 257 S. W. 507. (2) Instruction No. 1, given for plaintiff, is erroneous and prejudicial, and the giving of same constituted reversible error. (a) This instruction submits to the jury, as a predicate of recovery, negligence in failure to give the statutory signals, when the evidence for plaintiff shows that both she and her brother, the driver of the automobile, had knowledge of the approach of the train without the

signals. Failure to give the signals was therefore not the proximate cause of the injury, and it was error to submit such failure as negligence. Peterson v. Railways, 270 Mo. 75; DeWolf Dry Goods Co., 240 S. W. 1094. (b) This instruction erroneously instructs the jury regarding a legal presumption. Connelly v. Railroad, 133 Mo. App. 310; Moberly v. Railway, 98 Mo. 183; Rapp v. Railroad, 106 Mo. 423; Myers v. Kansas City, 108 Mo. 480. (c) This instruction authorizes the jury to find defendant negligent if it failed to give either of the statutory signals by bell or whistle. As framed, it required the giving of both, whereas the statute is complied with by giving one or the other. Turner v. Railway, 78 Mo. 578; Cathcart v. Railway, 19 Mo. App. 113; Halferty v. Railway, 82 Mo. 90; Braddy v. Railroad, 47 Mo. App. 519. (d) This instruction conflicts with instruction No. 8 given for defendant. It is reversible error to give conflicting and inconsistent instructions. Baker v. Railway, 122 Mo. 533. Where plaintiff's instruction authorizes a verdict for plaintiff on an erroneous theory of the law, a correct instruction given for defendant touching the same matter does not cure the error. Traylor v. White, 185 Mo. App. 325; State ex rel. v. Ellison, 272 Mo. 571. (3) It was error to refuse defendant's withdrawal instruction 3. Since failure to give the statutory signals was the only negligence relied on, and since it appeared from the evidence for plaintiff that both she and the driver of the car had notice of the approach of the train without the signals, it was error to submit failure to give the signals as negligence and to refuse defendant's instruction withdrawing such assignment of negligence from the consideration of the jury. DeWolf v. Dry Goods Co., 240 S. W. 1094; Peterson v. Railways, 270 Mo. 75. (4) It was error to refuse defendant's withdrawal instructions 4 and 5. These instructions were intended to withdraw from the consideration of the jury the remaining assignments of negligence, which were without support in the evidence and which were abandoned by plaintiff, and should have been given. Chrismer v. Tel. Co., 194 Mo. 189; DeWolf v. Dry Goods Co., 240 S. W. 1094. (5) It was error to refuse defendant's requested instructions 10 and 16. These instructions dealt with plaintiff's own personal conduct, and declared the effect of her failure, if the jury so found, to perform the duty imposed on her by law to exercise care for her own safety commensurate with the danger to be encountered, and should have been given. Friedman v. Railways, 293 Mo. 235; Sorrell v. Payne (Mo. App.), 247 S. W. 462; Burton v. Pryor (Mo. App.), 198 S. W. 1117; Leapard v. Railways (Mo. App.), 214 S. W. 268; Fechley v. Trac. Co., 119 Mo. App. 358; Bradley v. Railroad, 288 Fed. 484; Noble v. Railway, 298 Fed. 381. (6) It was error to refuse defendant's requested instructions 11 and 14. These instructions were amply

supported by the evidence. If defendant either rang the bell or sounded the whistle, as stated in these instructions, it complied with the statute, and hence was not negligent independent of any other issue in the case. If the court was justified in submitting failure to give the statutory signals as negligence, then these requested instructions should have been given. Turner v. Railroad, 78 Mo. 580.

*Douglass, Inman & Horsefield* for respondent.

(1) When plaintiff and her brother testified that they stopped within eight or ten feet of the track and looked and listened for an approaching train and saw none and heard no whistle or bell, and then started up and moved toward the track and kept looking and listening and saw no train and heard no signals; and, where other witnesses in a position to hear, testified they heard no signals given until just before the crash, then this evidence made a prima-facie case that entitled plaintiff to go to the jury. Horenstine v. U. R. Co., 195 Mo. 440; Weetch v. Railroad, 190 Mo. App. 213; Detchemendy v. Wells, 253 S. W. 153; McNulty v. Railroad, 203 Mo. 475. (2) The evidence of all the witnesses for plaintiff is that there was a very heavy fog, and some said they could not see the train more than about one hundred fifty or two hundred feet, and where the view of a train approaching a crossing is obstructed, as in this case, on account of the fog, plaintiff had a right to rely on the statutory signals being given, and when she listened for them and heard none, she was not guilty of negligence in crossing the track. McKerall v. Railroad, 257 S. W. 166; Roques v. Railroad, 264 S. W. 474. (3) Where there is proof of a failure to comply with the law in giving the statutory signals at a crossing, then the statute raises a presumption that the injury was caused by the failure to give the crossing signals. McGee v. Wabash R. Co., 214 Mo. 530; Pyrer v. Payne, 263 S. W. 982; Robertson v. Railroad, 264 S. W. 443; McNulty v. Railroad, 203 Mo. 475; Guthrie v. Mo. Pac. R. R., 279 S. W. 210. (4) Plaintiff's instruction No. 1 correctly declares the law, and (a) it is not subject to the criticism made by the defendant, and (b), if there is any doubt as to the meaning of this isolated sentence of the instruction that would even make its meaning ambiguous, then this ambiguity is cleared up by the other parts of the same instruction, and by the "doctrine of aider" in defendant's instruction No. 8. Cornoski v. Transit Co., 207 Mo. 277; Franberger v. Railroad, 200 Mo. 333; Biehlman v. City, 260 S. W. 533; Barowski v. Biscuit Co., 229 S. W. 426; Maloney v. U. R. Co., 237 S. W. 515; State ex rel. v. Mathieson, 261 S. W. 335. (5) Defendant's instructions Nos. 4 and 5 were properly refused because plaintiff only asked to go to the jury on one assignment of negligence, and

this was an abandonment of all others, and since the jury is presumed to have followed the instructions of the court, there was no use in withdrawing issues from the jury that were never presented to the jury. Carl v. Railway Co., 258 S. W. 72; State ex rel. v. Ellison et al., 223 S. W. 671. (6) Instructions Nos. 10, 11, 14 and 16, covered by defendant's points 5 and 6, were properly refused b'ecause: (a) The court was authorized to refuse these instructions on account of the multiplicity of instructions offered ·by the defense—eighteen only. (b) Because every point urged in these instructions was covered by instructions given for the defendant at its request, the only difference being the phraseology. In fact, the defendant fared well at the hands of the court on instructions, as most of those given covered the same point and served only to magnify the defense.

DAUES, P. J.—This is an action for damages for personal injuries sustained by plaintiff on December 21, 1923, when an automobile in which plaintiff was riding was struck by one of defendant's passenger trains at a crossing in St. Louis county, Missouri. There was a verdict and judgment in favor of plaintiff for $2500, from which defendant appeals.

The case was submitted on the allegation of negligence that defendant failed to give the statutory signal at the railroad crossing, and though the petition prayed for damages for ·personal injuries sustained by plaintiff as well as for damages to the automobile, the instructions limited the damages to the personal injuries.

The answer is a general denial, with pleas of contributory negligence on the part of plaintiff and the driver of the automobile.

The reply is a general denial.

The chief assignment of error goes to the action of the lower court in refusing a demurrer to the evidence at the close of the whole case, and the argument is made that both plaintiff and her brother, the driver of the automobile, saw and had notice of the approaching train before the collision, and that accordingly a failure, if any, to give the statutory signal was not the proximate cause of the injury, and that plaintiff is barred from recovery by the negligence of her driver, which is imputable to her. So, with the controversy about these facts in mind, we will attempt to briefly state the evidence as disclosed by the record.

Plaintiff and her brother, Lyman E. Malone, on the day of the accident, were riding in an automobile which belonged to plaintiff and which was then being driven by her brother. They were driving in a westerly direction over Manchester road in St. Louis county, near the town of Allenton at a point where defendant's tracks cross Manchester road just west of said village. There were two other

passengers in the automobile at the time of the accident. Plaintiff was riding in the back seat, and her brother, the driver, was in the front seat when they came to the railroad crossing. Both plaintiff and her brother testified that the automobile was stopped about eight or ten feet from the tracks, and plaintiff from the rear seat and the driver from the front seat looked in both directions and listened for an approaching train. It was their testimony that they neither heard nor saw the train approaching. It was about nine o'clock in the morning and all the witnesses agreed that it was an extremely foggy morning. There is evidence that the train at this point because of the density of the fog could not be seen more than one hundred fifty feet to two hundred feet away. After the car was stopped and the occupants heard and saw no train, the driver then moved up slowly, placing the car in second speed to cross the tracks. He did this after he and plaintiff concluded that the track was clear so far as they could see and hear. After the car had reached to within one to five feet of the track the driver saw a train "poke its nose through the fog." He immediately exclaimed: "My God! get out of the car." All left the car in safety excepting the plaintiff, who, it seems, got as far as the running board when the train struck the automobile and thereby injured her. The driver testified that when he saw the train emerge through the fog, same was about one hundred and fifty feet away from him, and that this was as far as one could see the train at that place under those weather conditions.

Plaintiff, testifying in her own behalf, frankly admitted that she could not tell the distance in feet or yards, but when invited to make a guess at the distance said she thought it was not more than one hundred and fifty yards, but she made it plain that she was not competent to judge distances in yard measurements. Both agreed, however, that as soon as they saw the train, which was as soon as it could be seen, emerging from the fog it was but an instant until they were struck. The driver testified that he attempted to stop the car when he first saw the train piercing the fog, and that he attempted to stop the car for the reason that, for a moment, he thought the train was on another track, but that when he realized it was on the track that the automobile was on, he discovered it was too late to start the car again and he then ordered all to spring for their lives. He testified that he did not know whether the engine was killed in making the shift. Plaintiff and the driver both testified positively that no signal was given, either by bell or whistle, of the approaching train until within a few feet of the crash, that is to say, about fifty or seventy-five feet away.

Defendant's evidence strongly contradicts the evidence adduced by plaintiff. Witnesses testified as to the ringing of the bell and as

to the admission on the part of the driver after the accident that he had killed his engine on the track.   However, in determining the question on the sufficiency of the proof to make a case for the jury, the proponent of a demurrer may not look to his own proof to destroy the prima-facie case of plaintiff.   Plaintiff, however, may resort to the defendant's proof as an aid to plaintiff's case, so we are not concerned here with the defendant's evidence on the side of an argument in favor of the demurrer.   Plaintiff by her own testimony, and by the testimony of the driver of the car, plainly made out a prima-facie case which brought the case to the jury for solution on the facts.   Plaintiff and her brother both testified that because of the weather conditions they exercised the precaution to stop their car within eight or ten feet of the track.   Not alone the driver, but the plaintiff as well, looked both ways; they listened for an approaching train; they saw none, and they did not hear either whistle or bell or other noise indicating that a train was approaching.   They then started the car towards the track, continuing to look and listen for a train; they still saw none and heard no whistle.   Other witnesses testified that there were no signals given.   Once being on the tracks, they saw the engine burst through the fog at a distance of about one hundred fifty feet away. They momentarily concluded to stop, then fully realizing the danger attempted to leave the car to seek safety, and plaintiff was injured.   This made a case for the jury.

The doctrine of the case of Peterson v. United Rys. Co., 270 Mo. 67, 192 S. W. 938, and similar cases do not apply under the facts of this case.   The mere fact that plaintiff and the driver finally saw the train one hundred fifty feet from the crossing coming through the fog, the train at that time according to the trainmen was then running between twenty and thirty-five miles an hour, and it being admitted that you could not see an object ahead more than two hundred feet away, certainly does not show that the failure to give the statutory signals was not the proximate cause of the collision. [Hornstein v. United Rys. Co., 195 Mo. 440, 92 S. W. 884; Weltch v. Railroad, 190 Mo. App. 213, 176 S. W. 261; Detchemedy v. Wells, 253 S. W. 150; McNulty v. Railroad, 203 Mo. 475, 101 S. W. 1082.]

The evidence tends to show that the train could not be seen more than one hundred fifty feet away on account of the fog. The crossing, then, will be treated as an obstructed one.   Plaintiff had a right to rely upon the statutory signals being given, and when she and the driver listened for them and heard none, her attempt then to cross would not make her conduct such as to adjudge her guilty of contributory negligence as a matter of law.   [McKardell v. Railroad, 257 S. W. 166; Boques v. Rutler Co. R. Co., 264 S. W. 474.]

Defendant criticizes plaintiff's instruction No. 1.   This instruction is as follows:

''The court instructs the jury that if you find from the evidence in this case that the crossing over the defendant's tracks at the place mentioned in the evidence was a place where a traveled public road crossed the defendant's tracks, then when one of the defendant's trains was approaching said crossing the law of this State requires either that the bell be rung at least eighty rods before the locomotive reached said crossing and that it continue to ring the bell until the locomotive has passed said crossing, or that it sound the whistle at least eighty rods before the locomotive reached said crossing, and that it continue to sound the whistle at intervals thereafter until the locomotive has passed said crossing, and that a failure to perform one or the other of these duties imposed on the defendant by the law would constitute negligence.

''The court, therefore, instructs you that if you find from the evidence that on or about the 21st day of December, 1923, that an automobile in which plaintiff was riding was struck by one of the defendant's locomotives where the tracks cross a public traveled road and that plaintiff was injured; and if you further find from the evidence that the defendant was guilty of negligence in failing to ring the bell or sound the whistle in the manner above set forth, and that the plaintiff and the driver at the time were in the exercise of the highest degree of care, then the law presumes that the striking of the automobile and injury to plaintiff, if any, was the direct result of the failure of the defendant's agents and employees to give such signals, if they did so fail, and before you can find against the plaintiff on the ground that her injuries, if any, were not caused by the failure of the defendant's agents and employees to give the signals, if they did so fail, the burden is cast upon the defendant to prove to your reasonable satisfaction that the failure to give the signals, if they did so fail, was not the direct cause of the injury, if any, to plaintiff.''

It is said, first, that the instruction tells the jury that if they find the defendant guilty of negligence in failing to give the crossing signals and that plaintiff and the driver at the time were exercising the highest degree of safety, then the law presumes that the striking of the automobile and the injury to plaintiff, if any, were the direct result of the failure to give a signal.

This instruction, as we read it, tells the jury effectually, and it would be so understood, that if the plaintiff and the driver were not found to be guilty of contributory negligence, and if the statutory signals were not given, then under the law the failure to give the signal is presumed to be the proximate cause of the accident, and that the burden is then cast upon defendant of proving by the preponderance of evidence that the failure to give a signal was not the proximate cause of the accident.

In McGee v. Railroad, supra, the Supreme Court said:

"Under that statute, plaintiffs were relieved from proof that the failure to ring the bell or sound the whistle was the proximate cause of the injury. The statute supplies the causal connection. In other words, given proof of a failure to comply with the law and that injury ensued at the crossing (as here), then the statute raises a presumption that the injury was the result of disobeying the statute—that they bore the relation of cause and effect—and the burden is cast upon the defendant to show that the failure to give the statutory signals did not cause the injury," citing cases.

And there are many authorities in this State to the same effect. We think the first complaint will not avail the defendant.

The second objection to the instruction is that it requires the defendant to both ring the bell and sound a whistle. We do not find merit in this objection. It would appear clear to the ordinary juror that the instruction simply declares that under the law of this State it is necessary that defendant either ring a bell or sound a whistle at a crossing. The instruction plainly could not have been understood to mean that the defendant was required to both ring a bell and sound a whistle. We do not believe that the instruction is ambiguous in that particular. However, if an ambiguity is present by remote reason, the defendant cleared up such ambiguity by its own instruction.

It should be noted, too, that the portion complained of was a declaration of the duty of defendant under the law in approaching a crossing, and then the jury were charged that if they find from the evidence "that the defendant was guilty of negligence in failing to ring a bell or sound a whistle in the manner aforesaid," etc. Our courts are more and more adopting the view that instructions should be read together, having in mind of course that the necessary elements of recovery must all be included in the main instruction covering the whole case and authorizing a recovery.

As was said by the late lamented Judge Lamm, in Deschner v. Railroad, 200 Mo. 310, 1. c. 333, 98 S. W. 737: "But what the jury saw in the court's instruction through the glass darkly, they saw face to face when the whole body of the law was declared to them by the reading of defendant's instruction numbered 4, which runs as follows." [See, also, Maloney v. Railroad, 237 S. W. 509; Sutter v. Railways Co., 208 S. W. 851.]

Defendant also complains of the court's action in refusing certain of its instructions. We pass this matter with the observation that defendant's instruction No. 3 was properly refused because the same matter is covered in another instruction given on behalf of defendant. And the defendant's instructions Nos. 4 and 5 were withdrawal in-

220 M. A.—2.

structions on issues in the case which were abandoned, and the refusal to give these instructions did not constitute reversible error.

We have examined the other instructions which were refused and find that they, too, were covered by instructions that were given for the defendant.

Finding no reversible error in the record, the judgment is affirmed. *Becker* and *Nipper, JJ.,* concur.

## On Motion For Rehearing.

DAUES, P. J.—In appellant's motion for rehearing it is most strenuously argued that our decision concerning respondent's instruction No. 1 does violence to the rule laid down in the cases of Turner v. Railroad, 78 Mo. 578; Halferty v. Railway Co., 82 Mo. 90, and Cathcart v. Railroad, 19 Mo. App. 113. We thought it would appear without discussion that these cases are clearly distinguishable. However, since appellant still insists that same control here, we now briefly refer to them.

In the Turner case the instruction simply told the jury that if they found that defendant failed to sound a whistle *or* ring a bell they should find for plaintiff, the other elements being present. The court there said that the statute, of course, does not require both the ringing of a bell and the blowing of a whistle; "either is sufficient, and yet the instruction is predicated upon a supposed legal duty to do both." The instruction in that case nowhere advised the jury that under the law the railroad company was excused if it *either* rang a bell *or* sounded a whistle.

Likewise in the Halferty case, the instruction told the jury that it was necessary for the railroad company to ring a bell or sound a whistle as a warning. The court said in that case that since the instruction later on required a finding that there was a failure to sound a whistle concurring with a failure to ring a bell, the instruction was not bad, but in discussing the phrases "failed to sound a whistle," or "failed to ring a bell," it was said that this was held in the Turner case to require the company to give both statutory signals in order to escape liability, and that such was not the law.

In the Cathcart case the instruction likewise authorized the jury to find for plaintiff if the defendant omitted to ring a bell or omitted to sound a whistle, and the Kansas City Court of Appeals there held, on authority of the Turner case, that the instruction was bad, in that same would be understood to mean that the railroad company was required to give both signals, whereas the statute requires that only one be given.

No such instruction as appears in these cases is now before us. From the instruction as set out in the opinion in this case, it will

be seen that the jury were plainly told that the law of this State requires *either* that a bell be rung, etc., or that a whistle be sounded at the crossing, and that if the railroad company failed to do "one or the other" it violated the law.  Though the instruction concludes with the direction that a failure to ring a bell or to sound a whistle violated the railroad company's duty, it is explained in the preceding language that it is the duty of the company to either sound a whistle or ring a bell; that in  either event it has complied with the law, and that unless it has done one or the other, that is, that unless it has either rung a bell or sounded a whistle, it has failed to comply with the law.  The words "neglected to do one or the other," do not mean in ordinary understanding "neglected to do both;" it means doing neither.  Especially plain becomes the phrase in this instruction in the light of the preceding statement that doing either is sufficient.  In none of the instructions considered in the above cases were the jury told that a compliance with the law was had if either warning was given.  We think when the whole instruction is read, no sensible jury could have been misled to understand that the railroad must both ring a bell and sound a whistle to comply with the law.

Motion for rehearing overruled, with the concurrence of the other judges.